BAILEY HOBBS, APPELLANT, *v.* THE CITY OF YONKERS, RESPONDENT.

*Right of the authorities of a city to fix the salaries of its officers — when a previous agreement made by the city and an officer as to his salary will be rendered valid, by authority to make such an agreement being subsequently conferred by the legislature.*

In June, 1877, the plaintiff was appointed the treasurer of the city of Yonkers by the mayor thereof, and his appointment was confirmed by the common council. Prior to his appointment and confirmation he had signed a paper addressed to the mayor and common council, by which he agreed, if appointed, to cover into the city treasury all the fees, interest, per centages and emoluments received by him in excess of $2,000. From the time of his appointment, until November 29, 1881, he drew a salary of $2,000 a year, and paid all his receipts into the treasury, his accounts being settled annually on that basis. At the time of his appointment the city had no authority to fix the compensation of its treasurer, but by chapter 119 of 1878, authority to fix and limit it to an amount not exceeding $2,000 a year, at or before the commencement of his term of office, was conferred upon the common council thereof.

In an action brought to recover the excess of the plaintiff's fees over the amount retained by him:

*Held,* that he could not recover.

That the annual settlement of the plaintiff's accounts and the receipt by him of the $2,000 after the passage of the act of 1878, amounted to a waiver of his right to insist upon the formal fixing of his compensation thereunder, and to an adoption and ratification of the agreement previously made.

APPEAL from a judgment, dismissing the complaint, entered upon the trial of this action by the court without a jury.

The action was brought by a former treasurer of the city of Yonkers to recover an amount alleged to be due to him for fees and per centages which had been paid by him into the city treasury.

*E. R. Keyes,* for the appellant.

*Theodore Fitch,* for the respondent.

BARNARD, P. J.:

Under chapter 35, Laws of 1873, the office of city treasurer of the city of Yonkers, was filled by an appointment of the mayor and the approval of the appointment by the common council. He was nominated on the 14th May, 1877, and failed to obtain the confirmatory vote of the aldermen.

On the 15th June, 1877, a vote of approval of the plaintiff in advance of an appointment was obtained. Then the aldermen presented a written paper to Hobbs to the effect that he would only charge $2,000 a year, in lieu of all fees, interest, per centages and emoluments, and would "cover into the city treasury" all sums received in excess of that sum. The mayor was then informally requested by the common council to renominate Hobbs, which he did, and Hobbs was confirmed as city treasurer under this arrangement. The compensation fixed by law was then one per cent on all payments by him. By chapter 119 of the Laws of 1878, the common council was authorized to fix and limit the amount of compensation of city treasurer, at a sum not exceeding $2,000 a year, at or before the commencement of his term of office. It will be thus seen that at the time of the appointment of the plaintiff the city of Yonkers had no authority to fix the compensation of its treasurer, and subsequently no new appointment of the plaintiff was made, but he continued to hold the office until the 29th November, 1881, without any formal act in respect to the compensation of the city treasurer. The plaintiff, however, in each year paid all his receipts

to the city treasury except the sum of $2,000, and his accounts were annually settled on that basis. The plaintiff cannot now repudiate all these settlements and sue the city for moneys received in excess of $2,000 per year. As to all the time, except about ten months in the first year, the common council had power to limit the compensation. The arrangement was no doubt made at the $2,000 in view of the legislature permitting it, which was anticipated. At all events after April, 1878, the power existed, only subject to the form that it should be fixed before the expiration of the term of office. Without the consent of the plaintiff, this form would necessarily have to be observed to be legal. The plaintiff had agreed to the sum before, and had executed the arrangement. He could waive the formal fixing after the passage of the law of 1878. He did this by the settlement of his accounts on that basis, and by the actual payment into the treasury of the excess. The agreement to limit, made in 1877, when there was no power, could be and was adopted after the law was passed by the acts of the parties. The payment was made into the treasury under the agreement with full knowledge of the facts and under the claim by the city, that it was the right of the city to receive it, and the estoppel which results from the voluntary payment in such cases will prevent a recovery back of it from the city. (*Flower* v. *Lance*, 59 N. Y., 603; *Quincey* v. *White*, 63 id., 370; *Hodge* v. *Hoppock*, 75 id., 491; *Town of Verona* v. *Peckham*, 66 Barb., 103; *Dunn* v. *Hornbeck*, 72 N. Y., 80.)

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.