## REID *et al.* v. KELLOGG.

1. Where on the issue as to the ostensible authority of an agent to receive payment of a mortgage for his principal, arising from the negligence of the principal in holding the agent out as having such authority, the facts, though not disputed, are such that reasonable minds might draw different conclusions therefrom, the issue is properly left to the jury.

2. Comp. Laws, Sec. 4497, providing that a person paying a negotiable instrument may require as a condition precedent that the same be surren-

dered, does not prevent a payment to an agent, made without demanding the instrument, who has, through the negligence of the principal, been given ostensible authority to receive payment, from being binding on the principal.

(Opinion filed June 3, 1896.)

Error to circuit court, Aurora county. Hon. D. HANEY, Judge.

Action to compel defendant to satisfy and release a real estate mortgage, and to recover statutory penalty. Plaintiffs had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*S. E. Hostetter* and *Wilford Smith*, for appellant.

As between Downing & Lumley and Mrs. Kellogg the relation of principal and agent never existed. Mechem on Agency, § 1; Ewells Evans' Agency, § 1; Williams v. Walker, 2 Sandf. Ch. 326, and cases cited; Doubleday v. Kress, 50 N. Y. 364; Brewster v. Carnee, 103 N. Y. 564; Stiger v. Bent, 111 Ill. 338; Henn v. Conisby, 1 Ch. Cas. 93; Wostenholme v. Davies, Freem. Ch. R. 289; Story on Agency, §§ 98 and 104; Curtis v. Drought, 1 Molloy 487; Smith v. Kidd, 68 N. Y. 130. The possession of the instrument is the indispensable evidence of the agent's authority. Cases *supra*; Seiberling v. Demaree, 27 Neb. 854, 44 N. W. 46; South Branch Lumber Co. v. Littlejohn (Neb.), 48 N. W. 476; Williams v. Paysinger, 15 S. C. 171; Fassett v. Mulock, 5 Colo. 466; Keohane v. Smith, 97 Ill. 156; Lee v. Clark, 89 Mo. 553; Burhans v. Hutheson, 25 Kan. 625; Windle v. Bonebrake, 23 Fed. 165; Brayley v. Ellis, 32 N. W. 254; Giddings v. Seward, 16 N. Y. 365; Cox v. Cutter; 28 J. Eq. 13. No judgment can be recovered for the penalty unless it is shown that upon full payment by and demand of the mortgagor, and upon tender of the necessary expense for taking the acknowledgement, the mortgagee or assignee refuses or neglects to execute and acknowledge the same. § 4365, Comp. Laws; Penthengill v. Mather, 16 A. Pr. 399 (N. Y.)

*A. E. Hitchcock*, for respondent.

598          REID *et al. v.* KELLOGG.

The verdict of a jury or the findings of a court will not be set aside upon the appeal if there is any evidence reasonably tending to sustain the verdict or findings, or if the evidence upon which the same were made is such that different minds would draw different conclusions therefrom. Caulfield v. Boyle, 2 Dak. 464; Moline Plow Co. v. Gilbert, 3 Dak. 239; Finney v. Northern Pacific R. R., 3 Dak. 270; Best Brewing Co. v. Pillsbury Co., 5 Dak. 62; Franz Brewing Co. v. Mielenze Brow, 5 Dak. 136; Knapp v. Sioux Falls Nat. Bank, 5 Dak. 378; Rauber v. Sundback, 1 S. D. 268; Marshall v. Harney Peak Co., 1 S. D. 350; Nat. Refining Co. v. Miller, 1 S. D. 548; Jeansch v. Lewis, 1 S. D. 609; Baker v. Baker, 2 S. D. 261; Stone v. Crow, 2 S. D. 525; Williams v. N. P. R. R., 14 N. W. (Dak.) 97; Mears v. N. P. R. R., 21 N. W. (Dak.) 5. In this case the question of agency is one of fact. 2 Rice on Ev., p. 1227; Sheenon v. Pac. Mut. L. Ins. Co. (Wis.), 53 N. W. 882; Cohea v. Hunt, 41 Am. Dec. 590; Suiter v. Park Nat. Bank, 53 N. W. 205; C., B. & Q. R. R. v. Barnard, 48 N. W. 365; Baylis v. Travelers Co., 5 S. C. R. 496; Marshall v. Hubbard, 6 S. C. R. 806; Randall v. Baltimore & O. R. R., 3 S. C. R. 322; Marshal v. Harney Peak Co., 1 S. D. 350; Rauber v. Sundback, 1 S. D. 270; Finney v. R. R., 3 Dak. 270, 16 N. W. 500; Orleans v. Platt, 99 U. S. 678; Thompson on Negligence 1236; R. R. v. Stout, 17 Wall. 663. In such cases the courts will look behind the formal application and ascertain from the conduct of the parties what was the real fact as to agency. Jensen v. Lewis Inv. Co., 58 N. W. 104; Larson v. Lombard Inv. Co., 53 N. W. 179; Bates v. Am. Mtge. Co., 15 S. E. 883; Security Co. v. Richardson, 23 Fed. 16; Security Co. v. Christy, 33 Fed. 22.

CORSON, P. J. This was an action to compel the defendant to satisfy a mortgage, alleged by the plaintiffs to have been paid. The defendant, by her answer, denied the payment, and by way of counterclaim demanded the foreclosure of the mortgage. Findings and judgment were in favor of the plaintiffs,

and the defendant appeals. The case was tried by the court, special issues having been submiited to and passed upon by a jury.

The facts necessary to a proper understanding of the case may be briefly stated as follows: In June, 1887, the plaintiffs obtained a loan of $1,600 from Downing & Lumley, who were bankers and loan agents at Armour, in this state, through their agents at Plankinton. Subsequently, in 1891, Downing & Lumley organized the Douglas County Bank, of which Lumley became the president and manager. The loan was made on five years' time, interest payable semi-annually, and interest and principal were made payable at the First National Bank of Hartford, Conn. The note and mortgage to secure the same were made payable to Lumley. The interest coupons were paid to Lumley, and he delivered to the plaintiffs the coupons so paid. . Lumley notified the plaintiffs when interest was due, extended time for payments, and transacted all the business pertaining to the note and mortgage with the plaintiffs, and when the note became due informed the plaintiffs that the money should be paid to him. Lumley, in June, 1888, transferred the note and mortgage to the mother of the defendant, through Smith & Co., brokers at Hartford, who seem to have been the agents of Dowing & Lumley, and subsequently of the Douglas County Bank. The assignment of the mortgage was duly recorded. The defendant transacted the business for her mother with Smith & Co., and subsequently became the owner of the note and mortgage. The mother and the defendant received all interest for the five years through Smith & Co., at Hartford. Neither the plaintiff Reid nor the defendant nor her mother transacted any business relating to this loan with the First National Bank of Hartford, where the note, mortgage and interest were made payable. There was no communication between plaintiff Reid and the defendant or her mother. Neither the defendant nor her mother ever notified Reid that she held the mortgage and note. When the note became due, Reid caused the cashier of the Davison County Bank, at Mt.

Vernon, to transmit to the Douglas County Bank the amount due upon said note; and that bank, soon after receiving the draft, failed. As before stated, special issues were submitted to the jury, and their findings and the findings of the court thereon are as follows: "Seventh. That a trial of the issues of said case was had before a jury, the court submitting certain questions to the jury to be determined by it, which questions were duly answered by the said jury. That the questions submitted by the court and the answers determined by the jury are as follows: (1) Did defendant intentionally cause or allow William A. Reid to believe that the Douglas County Bank was authorized by her to collect the note for her? Answer. Yes. (2) Did defendant, by want of ordinary care, cause or allow William A. Reid to believe that the Douglas County Bank was authorized by her to collect the note for her? Answer. Yes. (3) Did William A. Reid sign the application or writing marked 'Exhibit 4'? Answer. No. Eighth. That the court adopts and approves the findings of the jury as its findings, and it therefore finds that the said Douglas County Bank of Armour South Dakota, was the duly authorized agent of the defendant to collect the principal on said note for her, and that the application for a loan set up in defendant's answer and counterclaim, and introduced in evidence at the trial as 'Exhibit 4,' was not signed by plaintiff William A. Reid." Exhibit 4 referred to in the findings purports to be an application for a loan in which it is stated that said Lumley was to be considered the agent of the plaintiffs in making said loan.

Numerous errors are assigned, but only two are discussed in appellants brief. These are: That there is no evidence that the plaintiffs ever paid the amount due upon the note and mortgage to the defendant, or to any one authorized to receive it, and that the evidence is insufficient to sustain the finding that the plaintiff Reid did not sign the application marked "Exhibit 4." The evidence as to the signing of the application, Exhibit 4, by Reid, was conflicting, and the findings of the court and jury

upon that question are not, as we view the evidence, against the preponderance of the evidence, and will not, therefore, be disturbed.   Randall v. Burke Tp. 4 S D. 337, 47 N. W. 4.

It is contended by the appellant that the evidence as to the authority of the Douglas County Bank to receive the money on the notes and mortgage was undisputed, and therefore the question as to such authority was one of law for the court. The respondents contend that, while the facts may be undisputed, the inferences to to be drawn from the facts are a question of fact, and not of law.   We are of the opinion that respondents are correct in this contention.   It is only when the facts are undisputed, and but one inference can legitimately be drawn therefrom, that the question becomes one of law.   When different minds may reasonably draw different inferences and arrive at different conclusions from the undisputed facts, the question remains one of fact, and not one of law.   The rule adopted by this court is thus stated in the headnote in Bates v. Railroad Co, 4 S. D. 394, 57 N. W. 72:   "Upon the trial, if the evidence leave the facts undisputed, and they are such that different conclusions or inferences could not reasonably be drawn from them, it becomes the duty of the court to declare their legal effect; but if the facts are in dispute, or, if undisputed, they are such that different impartial minds might fairly draw different conclusions from them, they should be submitted to the jury."   Thompson in his work on Negligence (page 236) states the rule as follows:   "It is frequently stated that when the facts are undisputed or conclusively proved the question of negligence is to be decided by the court.   A better opinion, however, would seem to be that, in order to justify the withdrawal of the case from the jury, the facts of the case should not only be undisputed, but the conclusions to be drawn from the facts indisputable.   Whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case should properly be left to the jury."   The evidence in this case upon the questions presented

was such that different minds might reasonably draw different conclusions therefrom. While the effect to be given special findings of a jury in an equity case may not be the same as that given to the verdict of a jury in a law case, yet when a jury has passed upon a question of fact, clearly and fairly submitted to them by the court, and the trial court has adopted and approved the special findings, this court would only feel justified in reversing a judgment based upon such findings in a very clear case of the preponderance of the evidence against the findings. In this case no exceptions were taken to the charge of the court, and no exceptions are pressed upon this court as to the admission or rejection of evidence. We have carefully reviewed the evidence, which is exceedingly volumnious, and we cannot say that there is such a preponderance of the evidence against the findings of the court and jury as would warrant this court in disturbing the same. A statement of the evidence would serve no useful purpose, and we shall therefore not attempt it. It is sufficient to say that the evidence of the various transactions between the defendant and Smith & Co., and defendant, through Smith & Co., with Lumley and the Douglas County Bank, and between the plaintiff Reid and the various parties, was fully and fairly presented to the jury. While this court might draw inferences and conclusions therefrom different from those drawn by the jury and trial court, the evidence was such, as before stated, that different minds might legitimately draw different conclusions therefrom; and the jury and court having, as we have seen, found in favor of the plaintiff, we think these findings should not be disturbed.

This is a case where one of two innocent parties must necessarily suffer loss. This loss the jury and trial court find resulted from the defendant intentionally and by want of ordinary care causing the plaintiff Reid to believe that the Douglas County Bank was authorized by her to collect the note for her. If such was the fact, the rule laid down in Sec. 4730, Comp. Laws, applies, namely: ''Where one of two innocent persons

must suffer by the act of a third, he by whose negligence it happens must be the sufferer." That the defendant was that person has been determined by the jury and approved by the trial court. We have not overlooked the contention of counsel for appellant that, inasmuch as our statute prescribes that a party paying a negotiable instrument "may require, as a condition concurrent to its payment, that the instrument be surrendered to him," etc., it was the respondents' duty to see that the bank had the note and mortgage. Sec. 4497, Comp. Laws. Undoubtedly Reid might have refused to pay the note to the Douglas County Bank, unless the note and mortgage was shown to be in its possession, ready to be surrendered up; but he was not bound to do so. If he honestly and in good faith believed that the bank, as the agent of the defendant, had authority to receive payment, by reason of the acts of the defendant, and those acts were such as to induce a reasonably careful and prudent business man to so believe, the plaintiff was justified in paying over the money to the bank, whether the bank was in fact so authorized to receive it or not. Security Co. v. Richardson, 33 Fed. 16. In such case the evidence of ostensible agency applies. Secs. 3965, 3979, Comp. Laws, read as follows: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent, who is not really employed by him." "Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent to possess." The jury and the court below found this ostensible authority did exist. Of course a person would not be justified in paying the amount due upon a written instrument to one who was neither an agent in fact nor an agent having ostensible authority to collect the amount due, unless such person had in his possession the instrument itself. The counsel for the respondents concedes this, but he contends that the facts and circumstances attending the transaction were such that the court and jury were fully warranted in finding

that such ostensible agency did exist, and that from all the facts and circumstances in this case the jury could properly draw the inference and arrive at the conclusion that the defendant had, by the course of dealing with the note and mortgage, caused Reid to believe the bank had at least ostensible authority to receive this money. We do not deem it necessary to pursue this discussion further. The findings are based upon the evidence of the peculiar facts and circumstances disclosed in this case, and no general rule can be laid down in such a case. If the question had been whether or not the Douglas County Bank was in fact authorized to receive the payment, the evidence being undisputed, this court might declare the effect of the evidence as matter of law. South Bend Toy Manuf'g Co. v. Dakota F. & M. Ins. Co., 3 S. D. 205, 52 N. W. 866. But the question was as to the ostensible authority of the bank to receive the money for the defendants. This seems to have been the view taken of the case by the court below, as it did not submit to the jury the question of the actual authority of the bank to collect the money. Both questions submitted upon this subject were directed to the ostensible, and not the actual, agency of the bank. While the question as to the actual agency upon undisputed facts is usually one of law, the question of ostensible agency depends so largely upon inferences and conclusions drawn from the facts as to be a question of fact. These views lead to an affirmance of the judgment, and the judgment of the trial court is affirmed.

HANEY, J., taking no part in the decision.