BRIDGET DOYLE, administratrix, *vs.* SARAH E. COREY.

Suffolk.   January 26, 1898. — February 25, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Mortgage — Principal and Agent — Authority of Agent to receive Payment of Loan — Equity — Finding — Decree.*

An attorney at law, who had been employed by B. in respect of loans of money by her and as her legal adviser, made a loan for her to A., for which a promissory note secured by a mortgage of land was given. A portion of the principal was paid by A. to the attorney, who was not expressly authorized to receive such payments, but who indorsed it on the note and paid it over to B., who did not call A.'s attention to the attorney's want of authority to receive payments of principal; and payments of interest were also made to the attorney and indorsed by him or by B. on the note. After the maturity of the note, a further payment of principal was made by A. to the attorney, who did not hold the note at the time, and who received it for B., but concealed it from her and misappropriated the money. In many other instances the attorney had collected for B. both principal and interest on mortgage notes held by her and not in his possession at the time of payment, and she had never required notice of payments, though he generally told her within a reasonable time; and his authority to receive payments of principal or interest on A.'s mortgage was not questioned by B. until eighteen months after the second payment of principal. *Held*, in a suit in equity by A. against B. to redeem the land from the mortgage, that the evidence warranted a finding that the attorney was authorized to receive the payment in question for B., or at least that he was held out by her as having such authority.

BILL IN EQUITY, filed October 20, 1896, in the Superior Court, by the administratrix of the estate of James Doyle, to redeem certain land in Boston from a mortgage. At the hearing, a decree was entered for the plaintiff; and the defendant appealed to this court. The facts material to the point decided appear in the opinion.

*S. K. Hamilton & G. W. White,* for the defendant.

*P. O'Loughlin,* for the plaintiff.

ALLEN, J. The decree which was entered is quite informal, and is substantially defective in not specifying the time within which the payment is to be made, or what shall be done in case of failure to make payment at a certain time.\* It fixes the sum

---

\* The decree was as follows: " This cause came on to be heard before this court, and, after a full hearing and upon consideration of the evidence

to be paid at $960.63. There is nothing whatever to show how the sum is arrived at, except as it might perhaps be picked out from the evidence, all of which is before us. The defendant alone appeals from the decree. The principal question presented is, whether on the evidence the court was warranted in finding that the plaintiff is entitled to be allowed for a payment of $1,500 made to Mr. Perry on March 16, 1894. It is agreed at the argument that the court did so find. The mortgage was dated March 2, 1891, and was given to secure the payment of $4,000 in three years, with interest semiannually at six per cent, with the right to pay not less than $250 on any interest paying day. Payments amounting to $1,500 were admitted, another payment of $500 was in dispute, but no question now arises with reference to it, and we have only to consider, in the first place, whether the evidence warranted the allowance to the plaintiff of the $1,500 in dispute.

There was no evidence that Mr. Perry was ever in express terms authorized by the defendant to receive payments of principal upon this loan, but the authority, actual or ostensible, was inferred from his course of dealing with and for the defendant in this and other matters. Mr. Perry was at that time a member of the bar, and had been employed by the defendant in respect to loans of money by her, and in all matters in which she required legal assistance. She had great confidence in him. The loan of $4,000 to Doyle was made through him; she never saw Doyle or the mortgaged property, but relied wholly on Mr.

presented, it is therefore hereby ordered, adjudged, and decreed, that the plaintiff shall be entitled to redeem the premises described in her bill of complaint from the mortgage mentioned in her said bill upon tendering payment to the defendant of the sum of nine hundred and sixty and $\frac{63}{100}$ dollars and interest thereon from date of decree until paid, and it is ordered that upon the receipt or tender of said sum the defendant shall surrender to the plaintiff the promissory note or other evidence of indebtedness secured by said mortgage, and shall execute and deliver to the plaintiff a complete release and discharge of said mortgage, and shall surrender to the plaintiff the said deed of mortgage, together with any policy of insurance or other instrument held by her to further secure the payment of the debt secured by said mortgage; and that upon payment or tender of said sum by the plaintiff to the defendant, the plaintiff and all persons claiming by, through, or under her shall hold the described premises forever free and discharged of the said mortgage."

Perry, and intrusted the money to him to pay over to Doyle. Fifteen hundred dollars had been paid upon the principal to him, and indorsed by him upon the note, and the money paid over to the defendant, who did not at any time call the attention of Doyle or of his representatives to Mr. Perry's want of authority to receive payments of principal. Various payments of interest had also been made to him, and indorsed either by him or by the defendant upon the note. The note matured on March 2, 1894, and the payment of the $1,500 in controversy was made on March 16 to Mr. Perry, who did not hold the note at the time. He concealed from the defendant the fact of his having received this payment for eighteen months, or more, and meanwhile she left the note with him for more than a year; and while he had it he told her that it was liable to be paid at any time. There was also evidence tending to show that he received this payment of $1,500 for the defendant; that in many other instances he had collected for her not only interest but principal, or payments on account of principal, on mortgage notes held by her, and not in his possession at the time of the payments; that occasionally she had left with him discharges of mortgages so that he might receive payment of the sums secured thereby and deliver the discharges; that he had always paid over the money to her, or accounted for it; that sometimes he had instructions from her to keep the principal of moneys in his hands invested as fast as possible; that in a good many instances he had held moneys paid to him in not large sums till enough was paid in of principal to take a new mortgage; that she never required notice of payments, though generally he told her within a reasonable time; that his authority to receive principal or interest upon the Doyle mortgage was never questioned by the defendant up to September, 1895; and that the defendant never in any way had objected to or criticised, directly or indirectly, any course that he took in reference to the Corey estate or its funds.

It seems that Mr. Perry misappropriated the $1,500, and the defendant never got the benefit of it; but the evidence reported (of which the salient features are given above) was sufficient to warrant the court in finding that he was authorized to receive the money for the defendant, or at least that he was held out by the defendant as having such authority, by the previous dealings

with Doyle in accepting payments on account of the loan. *Murphy* v. *Barnard*, 162 Mass. 72, 80. *Lovell* v. *Williams*, 125 Mass. 439. *Dunn* v. *Hornbeck*, 72 N. Y. 80. *Noble* v. *Nugent*, 89 Ill. 522. *Security Co.* v. *Richardson*, 33 Fed. Rep. 16. *Kent* v. *Congdon*, 33 Fed. Rep. 228.

The defendant contends that three payments of interest of $75 each, indorsed upon the note by Mr. Perry under dates of September 2, 1894, March 2, 1895, and September 2, 1895, respectively, should not be allowed to the plaintiff, because, if the sum of $1,500 is treated as having been paid on the principal, the semiannual interest on the balance remaining due would not amount to $75, and she contends that there is no evidence that said amounts were paid by the Doyles to Mr. Perry. We are unable to deal with this matter, because the facts are not distinctly stated, and we do not know how it was dealt with by the Superior Court.

The allowance to the plaintiff of the payment of $1,500 was warranted; and that sum should be treated as having been paid on March 16, 1894, and interest thereafter should be computed on the balance. The decree will need to be modified in the particulars mentioned at the outset, and if there was any error in respect to the three subsequent indorsements of interest, such error can be corrected in the Superior Court.

*Ordered accordingly.*