## CENTERVILLE TP. v. JENTER.

No particular formality is essential to an implied dedication or acceptance of land for a public use.

The findings of a trial court on disputed questions of fact are presumptively correct, and, though not as controlling as the verdict of a jury, must stand, unless the evidence clearly preponderates against them.

A wife who lived in the family dwelling in plain view of a highway across the homestead, and knew of its daily use by the public without manifesting the slightest objection, and who must have known of the dedication by her husband, and that the public was

expending labor and money maintaining the highway, and relying upon her husband's acts, will be deemed to have assented to the dedication.

Under Civ. Code, § 94, providing that husband and wife contract toward each other obligations of mutual respect, fidelity, and support, it will be assumed, in the absence of contrary evidence, that they act in all affairs affecting their homestead with due regard to the rights and desires of each other, and, it being admitted that the husband assented to a highway across the homestead, he having title, the assent of the wife should be inferred, in the absence of any evidence that the husband acted in disregard of his marital obligations.

Where, in an action to restrain the obstruction of a highway, the defense was that the dedication thereof and continued use were unlawful because the owner's wife had not consented to the creation of an easement affecting her homestead rights, if any inference was to be drawn from the absence of the wife's testimony, it was one favorable to the plaintiff rather than the defendant.

(Opinion filed, April 5, 1910.)

Appeal from Circuit Court, Turner County.    Hon. E. G. SMITH, Judge.

Action by Centerville Township against Jacob Jenter.    From a judgment for plaintiff and an order denying a new trial defendant appeals.    Affirmed.

Alan Bogue, Jr., and French & Orvis, for appellant.    L. L. Fleeger, for respondent.

HANEY, J.    This action was instituted by an organized civil township to enjoin the defendant from obstructing an alleged highway within its boundaries, extending in a southwesterly direction parallel with the Chicago & Northwestern Railroad right of way, from the section line highway between sections 22 and 27 to the section line highway between sections 27 and 28.    So far as material to this appeal the trial court found the facts to be substantially as follows: (1) That the plaintiff is one of the organized civil townships of Turner county; (2) that Sarah A. Robinson, formerly Sarah A. Hammond, acquired title to the E. ½ of the N. W. ¼ of section 27 in the plaintiff township, by patent from the United States, March 20, 1872; that she continued to own the same until August 8, 1890, when she deeded it to William Robinson, to whom she was married prior to the last-mentioned date; (3) that William Robinson owned the northwest quarter of sec-

tion 27, the E. ½ of the N. E. ¼ of section 28 and the S. W.¼ of the N. E. ¼ of section 27, from August 8, 1890, to December 21, 1897, when he deeded the E. ½ of the N. W. ¼ of section 27 to his wife, Sarah A. Robinson; (5) that Sarah A. Robinson, her husban having died in 1900, deeded the E. ½ of the N. W. ¼ of section 27, except the Northwestern right of way, to C. W. Best, November 2, 1898; (7) that Best and wife deeded to the defendant the S. E. ¼ of the N. W. ¼ of section 27, and all of the N. E. ¼ of the N. W. ¼ of section 27, south and east of the railway right of way, March 29, 1904; "(9) that during the time William Robinson owned the N. W. ¼ of section 27, township 96, range 52, as set out in finding No. 3, he assented to give to the public, for use as a public highway, the following described strip of land across both the east and the west 80's of the said N. W. ¼, towit, a strip of land four rods wide, commencing at a point in Centerville township where the section line between sections 22 and 27 intersects the right of way of the Chicago & Northwestern Railway Company, connecting Centerville, South Dakota, and Yankton, South Dakota; thence running in a southwesterly direction on the south and east of said right of way and parallel and adjacent to said right of way to the point where it intersects the section line between sections 27 and 28 in said township;" "(10) that during the time William Robinson owned said N. W. ¼ of section 27, as set out in finding No. 3, his wife, Sarah A. Robinson, did assent to give to the public, for use as a public highway, a strip of land across the said quarter described in finding No. 9;" (11) that during the time Sarah A. Robinson owned the E ½ of the N. W. ¼ of section 27 she did not assent to the use by the public as a highway of the land in controversy; (12) that there was a well-traveled road along this alleged highway continuously used by the public from 1887 to April 1, 1905, when it was obstructed by the defendant; (14) that when defendant purchased the E. ½ of the N. W. ¼ of section 27, he knew of the existence of this well-traveled road, and had known of its existence for some years prior thereto; (16) that from 1882 to 1902, a dwelling house was situated from 250 to 400 feet from the road in controversy, on the N. W. ¼ of section 27, wherein William Robinson and family

resided from 1882 until his death in 1900, and wherein his wife
and family continued to reside until 1902; (17) that neither Will-
iam Robinson nor his wife ever selected or caused any homestead
to be marked out, platted or recorded as provided by sections
3226 and 3227, Rev. Pol. Code. As all the findings of fact except
the tenth were expressly agreed to by the parties, it is con-
clusively established, for the purposes of this appeal, that William
Robinson assented to the dedication of the alleged highway while
he was the owner of the land affected thereby, that the defendant
knew of the existence of a well-traveled road when he purchased
the land now owned by him, and that the alleged highway was used
continuously by the public without obstruction from 1887 to 1905.
"It may be stated as a general proposition that no particular
formality is essential to an implied dedication or acceptance of
land for a public use. Conduct on the part of the owner that
is clearly expressive of an intention to dedicate usually amounts
to dedication, if acted upon by the public in a manner which
clearly justifies the inference of an acceptance." Larson v. C.,
M. & St. P. Ry. Co. 19 S. D. 284, 103 N. W. 35. As to William
Robinson, the owner, dedication was complete.

It is contended, however, that, whereas the land affected em-
braced a homestead, there could be no valid dedication without
the assent of Robinson's wife, and that the evidence was insuffi-
cient to justify the finding that she did assent as stated in the tenth
paragraph of the circuit court's decision. The contention is not
tenable. Assuming the record discloses the fact that the Robinson
homestead was affected, and that the wife's assent was essential to
a valid dedication, two extremely doubtful propositions, still the de-
cision of the learned circuit court should not be reversed. The find-
ings of a trial court on disputed questions of fact are always pre-
sumptively right, and though, under our statute, not as con-
trolling upon this court as the verdict of a jury, must stand,
unless the evidence clearly preponderates against them. Feldman
v. Trumbower, 7 S. D. 408, 64 N. W. 189; Randall v. Burk Tp.,
4 S. D. 337, 57 N. W. 4; Reid v. Kellogg, 8 S. D. 596, 67 N. W.
687; Webster v. White, 8 S. D. 479, 66 N. W. 1145; McKenna
v. Whittaker, 9 S. D. 442, 69 N. W. 587; Hulst v. Association,

9 S. D. 144, 68 N. W. 200; Grewing v. Machine Co., 12 S. D. 127, 80 N. W. 176.

Though there was testimony tending to prove that both Mr. and Mrs. William Robinson may have objected to the highway when its location was first proposed, and the court found that the wife did not assent to its use by the public while title to the E. ½ of the N. W. ¼ of section 27 was in her, there was not a scintilla of evidence tending to show, or from which it reasonably might be inferred, that this husband and wife were not acting in perfect harmony during the entire period embraced by the tenth finding. During that time the wife was living in the family dwelling in plain view of the alleged highway, and knew of its daily use by the public without manifesting the slightest objection to such use. She must have known of the dedication by her husband; she must have known that the public was expending labor and money maintaining the highway; and she must have known the public was relying upon the acts of her husband. Such conduct, under such circumstances, clearly justified the conclusion that she assented to the dedication. "Husband and wife contract toward each other obligations of mutual respect, fidelity, and support." Rev. Civ. Code, § 94. In absence of evidence to the contrary, it should be assumed that they act in all important affairs affecting their homestead with due regard to the rights, opinions, and desires of each other. It being conceded that the husband assented to this highway, he having title to the land affected, the assent of the wife should be inferred in absence of any evidence or circumstance giving rise to the inference that the husband acted in disregard of his marital obligations. There is no merit in the suggestion that the wife's testimony should have been procured by the plaintiff. Defendant was obstructing a highway dedicated by the owner of the land, affected, which had been traveled continuously for 18 years, the public use of which was known to him when he purchased his land. If such dedication and continued use were unlawful for the sole reason that the former owner's wife had not consented to the creation of an easement affecting her homestead rights, it was incumbent upon him to sustain his unenviable position by all available evidence

If any valid inference flows from the absence of Mrs. Robinson's testimony, it is one favorable to the plaintiff rather than the defendant. We think the trial court was justified in finding that the wife assented to the dedication. It necessarily follows that its conclusion, to the effect that the strip of land described in the decision is and was for a number of years prior to the commencement of this action a public highway by dedication, must be sustained.

The judgment and order appealed from are affirmed.

SMITH, J., taking no part in the decision.