ASTORIA STATE BANK, Appellant, v. MARKWOOD et al., Respondents.

(161 N. W. 815.)

(File No. 3799.    Opinion filed March 22, 1917.)

1. **Negotiable Instruments—Indorsement by Payee, Effect as Guaranty.**

   The payee of a note who endorses same to a bank, thereby becomes guarantor of payment thereof.

2. **Payment—Negotiable Instruments—Payment to Payee Guarantor—Makers' Knowledge of Guaranty, Effect of on Payee's Agency.**

   In a suit by endorsee upon one of a series of promissory notes, of which payee was guarantor, held, in view of the fact that payee was such guarantor and of the further fact that defendants, by the terms of the notes themselves—three of which had been paid by and returned to them—were fully advised of the contractual relation existing between plaintiff and payee, that there was nothing in the correspondence between plaintiff and payee, by way of inquiry as to whether defendants had made payments to him, which would warrant them in assuming that payee was the agent of plaintiff; there being no proof of actual agency. That therefore, the trial court erred in refusing to direct a verdict for plaintiff. 37 S. D. 56, 156 N. W. 583, reversed.

   McCoy and Polley, JJ., dissenting.

On rehearing.    Reversed.

See, for former opinion, 37 S. D. 56, 156 N. W. 583.

*Crawford & Warren,* for Appellant.

*C. A. Kelley,* and *James Byrnes,* for Respondents.

WHITING, J.    This cause is before us upon rehearing, our former opinion being reported in 37 S. D. 56, 156 N. W. 583. Reference is made thereto for a statement of the nature of the cause and the facts established by the evidence.    It stands conceded that the defenants were not entitled to credit for the payment made by defendants to Windherst but unremitted to plaintiff, unless there was evidence sufficient to warrant the jury in finding that Windherst was either the actual or ostensible agent of plaintiff.    The facts were undisputed, and, in our former opin-

ion, we sustained the judgment of the trial court and held that such court rightfully overruled plaintiff's motion for a directed verdict, citing the case of Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687, wherein was announced the well-established rule that: Where the facts are undisputed but are such that different impartial minds might fairly draw different conclusions therefrom, they should be submitted to the jury.

[1, 2] Upon further consideration, we are of the opinion that, when the cause was first before us, the majority of this court failed to give due consideration to the fact that, upon the indorsement of the note in question by Windherst to plaintiff, Windherst became a guarantor of the payment of such note. In view of the fact that Windherst was such guarantor and in view of the further fact that defendants, by the terms of the notes themselves—three of which had been paid by and returned to them—were fully advised of the contractual relation existing between plaintiff and Windherst, there was nothing brought to their knowledge which would warrant them in assuming that Windherst was the agent of plaintiff, and there was no proof of actual agency. It follows that the trial court erred in refusing to direct a verdict for plaintiff as requested.

We do not wish to be understood as in any manner departing from the holdings of this court in Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687, and McVay v. Bridgman, 21 S. D. 374, 112 N. W. 1138; but we are of the view that the facts of this case differ so materially from those in the above cases, as well as from the facts in the other cases cited by our colleagues in the minority decision, as to clearly distinguish this case from those.

The order and judgment appealed from and the former decision of this court are reversed.

McCOY, J. (dissenting.) I cannot concur in the majority opinion for the reason, as I view it, the circumstantial evidence adduced on the trial of this case was amply sufficient to sustain the verdict of the jury, which circumstantial evidence fully appears in the former decision of this case. It is a well-established rule that, where the real facts of a case lie solely within the knowledge of one party, this is an important consideration in determining the amount of evidence necessary to be produced by the other party. Jones' Ev. §§ 179 and 181. Whether or not

the said Windherst was the actual agent of plaintiff for the purposes of collecting the notes in question from defendants was a matter of fact lying peculiarly within the knowledge of plaintiff. It appears from the evidence in this case that whatever transactions took place between plaintiff and Windherst as to the collection of these notes was contained in written correspondence between plaintiff and Windherst, and which correspondence, an officer of plaintiff testified on the trial of this case, could not be found. The only available testimony open to defendants was the surrounding circumstances so far as they knew them. Actual authority of a person, not the owner or possessor of a note, to receive payment, need not be established by direct testimony, but may be established by circumstances. The majority opinion in my judgment is opposed by the decisions in every one of the following cases: Reid v. Kellogg, 8 S. D. 569, 67 N. W. 687; McVay v. Bridgman, 21 S. D. 374, 112 N. W. 1138; Campbell v. Gowans, 35 Utah, 268, 100 Pac. 397, 23 L. R. A. (N. S.) 414, 19 Ann. Cas. 660, and exhaustive notes; Bautz v. Adams, 131 Wis. 152, 111 N. W. 69, 120 Am. St. Rep. 1030; Doe v. Callow, 64 Kan. 886, 67 Pac. 824; Doyle v. Corey, 170 Mass. 337, 49 N. E. 651. In each of the foregoing cases, the circumstantial evidence, upon which the agency of the person to whom the payment was made was predicated, was more weak than the circumstances of this case. In Bautz v. Adams, the Supreme Court of Wisconsin under far weaker circumstances sustained actual agency. In Campbell v. Gowans, under much weaker circumstances the Supreme Court of Utah sustained the contention of defendants that the circumstances were sufficient to sustain the existence of implied or ostensible agency. In Doyle v. Corey, the Supreme Court of Massachusetts sustained implied authority under more scant circumstances than appear in this case. The majority opinion in this case, in my judgment, is the most flagrant misconception and perversion of the effect of circumstantial evidence which I have ever observed, and is a flagrant usurpation of the fundamental province of the jury.

POLLEY, J., concurs in views of McCOY, J.