ASTORIA STATE BANK, Respondent, v. MARKWOOD et al,.
Appellants.

(171 N. W. 203).

(File No. 4346.    Opinion filed March 12, 1919.)

1.    Negotiable Instruments—Indorsee's Suit On—Defense of Payment
to Alleged Agent—Agency, Evidence Re—Directing Verdict.

Undisputed evidence showing that W. took six notes from
defendants, the two first due never having been plaintiff's prop-
erty and were paid to payee, the other four being endorsed to
plaintiff as collateral security to a note of payee; defendants,
makers, having remitted to payee the interest due thereon,
which, as appeared in a letter from plaintiff to payee forwarded
to defendants was credited on the notes; defendants having
later sent to payee a check to cover one and the interest on the
other notes, which payments appeared in another letter of same
character forwarded to defendants, who understood the notes in
question were in indorse's hands "as collateral;" that another
check was sent payee to pay two of the three unpaid notes and
interest on all three, the two paid notes being cancelled by in-
dorsee's stamp and sent to defendants in a letter from payee;
subsequent interest on unpaid note having been made to payee;
plaintiff again writing defendants asking if they had paid W.
the notes then past due, defendants answering that they had
paid them; and thereafter defendants sent W. a check in part
payment of the note in suit, which check was cashed by W.
who never remitted to plaintiff—is insufficient to bind plaintiff on
theory that W. was its apparent or ostensible agent authoriz-
ed to receive payments in its behalf; nor did the fact that de-
fendants, since former trial, learned the fact that the bank
operated by W. did not hold for collection the two notes so
stamped "paid" and that the cancellation mark placed thereon
was probably so placed by W., from holding that W., being
guarantor under his endorsement, and defendants, through
knowledge of terms of the notes themselves, being fully advised
of the contractual relation existing between plaintiff and W.,
therefore nothing was brought to their knowledge warranting
them in assuming that W. was plaintiff's agent; and trial
court properly directed verdict for plaintiff.

2.    Same—Evidence of Actual Agency Re Payment, Sufficiency—
Physical Possession of Note, Effect.

Nor was said evidence sufficient to establish actual agency in
W. to accept payment; the only new facts established in the
present trial being that the bank operated by W., did not hold
for collection the two notes so stamped "paid," although can-
celled by W.'s bank stamp. If this had been known to defend-
ants before they made payment thereof, it might have had

bearing on question of ostensible agency.  **Held,** further, that while physical possession of a note is evidence of authority to collect same, it is no evidence of authority to collect another note not in such possession.

McCoy, J., dissenting.

Appeal from Circuit Court, Beadle County.  Hon. Alva E. Taylor, Judge.

Action by Astoria State Bank, a corporation, against C. T. Markwood and others, to recover upon a promissory note.  From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.  Affirmed.

C. A. Kelley, and James Byrnes, for Appellants.

No appearance for Respondent.

(1) To point one of the opinion, Appellants cited:

Wortendyke v. Meehan, (Neb.) 2 N. W. 339; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687.

WHITING, J.  Action by indorsee to recover on a negotiable note.  Defendants pleaded payment.  The payment had been made to the payee named in said note while the note was in the physical possession of plaintiff.  Verdict was directed for plaintiff.  From such verdict and an order denying a new trial this appeal was taken.

This action was before us upon a former appeal, and reference is made to the opinions then rendered for an understanding of the facts then established and the law announced by this court.  See Astoria State Bank v. Markwood et al., 37 S. D. 56, 156 N. W. 583; 38 S. D. 437, 161 N. W. 815.  As stated in the later of the above opinions, the one on rehearing:

"It stands conceded that the defendants were not entitled to credit for the payment made by defendants to Windherst, * * * unless there was evidence sufficient to warrant the jury in finding that Windherst was either the actual or ostensible agent of plaintiff."

While there are several assignments of error, yet the only question of any merit presented by such assignments is that of whether, under the evidence, the trial court correctly directed a verdict for plaintiff.

[1] Much of the evidence introduced at the former trial was not introduced upon the later trial.  Upon the other hand, there is a little additional evidence.  Has the record been so changed

by such change in evidence as to present a disputed question of fact that should have been left for a jury's determination? We think not.

The following facts are undisputed. On February 2, 1910, Windherst took six notes of $1,000 each from defendants. The two notes first due do not appear to have ever been the property of plaintiff. These notes were paid to Windherst, one March 2, 1910, the other October 10, 1910. One of the other notes had an indorsement of $200 placed thereon the day it was executed. This and the other three notes were indorsed to plaintiff as collateral to a note owing by Windherst to plaintiff. Shortly before August 10, 1911, defendants remitted to Windherst the interest due on these four notes, and thereafter there was forwarded to defendants a letter dated August 10, 1910, written by plaintiff to Windherst, advising that in accordance with Windherst's instructions plaintiff credited these four notes with such interest payment. On January 30, 1911, defendants sent Windherst check for $952 in payment of the note with the $200 indorsement and the interest on this and the other three notes. Soon thereafter there was forwarded to defendants a letter from plaintiff to Windherst, which letter disclosed that plaintiff had inclosed therewith the paid note, that it had credited the other notes with the interest paid, and that it had credited Windherst's note with the $800 and the interest. When defendants received these two letters they understood that the contents of such letters referred to these four notes then unpaid, and they "supposed these in question were in possession of Astoria State Bank * * * as collateral." They also knew that Windherst was living at Sherman, S. D., and that plaintiff was a bank located in Illinois. On February 28, 1912, defendants sent Windherst a check for $2,120 in payment of two of the three notes then unpaid and in payment of the interest on all three, the interest due in August, 1911, having already been paid. The two notes were stamped, "Paid Mch. 1-1912," the stamp used being the cancellation stamp of a bank at Sherman. The notes so stamped were sent to defendants in a letter signed by Windherst and dated March 4, 1912. About March 1, 1912, plaintiff wrote defendants, asking if they had paid Windherst the notes then past due, and defendants wrote that they had paid them. As a matter of fact all three were then past due, but only two were paid.

Interest on the unpaid note was afterwards paid up to February. 2, 1913, payment being made to Windherst.

The above shows the facts as they were known to defendants when, in September, 1913, they sent a check to Windherst in part payment of the remaining note—the one now in suit. This check was cashed by Windherst but he never remitted therefor to plaintiff. It is credit for this payment which defendants asked for and which the trial court denied.

Was there sufficient so that plaintiff could be held on the theory that Windherst was its apparent or ostensible agent authorized to receive payments on its behalf? Clearly not. Upon this phase of the case the evidence now before us presents no facts materially different from those presented on the former trial; and, as we said in our opinion upon rehearing:

"Upon the indorsement of the note in question by Windherst to plaintiff, Windherst became a guarantor of the payment of such note. In view of the fact that Windherst was such guarantor and in view of the further fact that defendants, by the terms of the notes themselves—three of which had been paid by and returned to them—were fully advised of the contractual relation existing between plaintiff and Windherst, there was nothing brought to their knowledge which would warrant them in assuming that Windherst was the agent of plaintiff."

[2] Was there any proof of actual agency? The only new facts established upon this trial—undoubtedly learned by defendants since the former trial—are the fact that the Sherman Bank did not hold for collection the two notes paid in March, 1912, and the fact that the bank cancellation mark placed on said notes was probably placed thereon by Windherst, thus evidencing that plaintiff had delivered these notes into possession of Windherst before they were paid by defendants. If all of this had been known to defendants before they made the payment in question, it might have had some bearing on the question of ostensible agency. But, while the physical possession of a note is evidence of authority to collect such note, it is no evidence of authority to collect another note not in such possession.

The judgment and order appealed from are affirmed.

McCOY, J., dissents.