FELDMAN V. TRUMBOWER.

1. The findings of the trial court on disputed questions of fact ˉare always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, must stand, unless the evidence clearly preponderates against them. ˙

2. The evidence in this case examined, and *held*, not to justify interference with the trial court's findings.

(Syllabus by the Court. Opinion filed Aug. 31, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMP-PELL, Judge. .

Action to recover money due on account. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellant.

An incidental or collateral memorandum of a transfer made verbally is not primary evidence. Dunn v. Hewitt, 2 Den. 638; Abbott's Tr. Ev. 303.

*E. H. Aplin*, for respondent.

KELLAM, J. Appellant and respondent were partners in the mercantile business. The partnership was dissolved, and, concurrently therewith, respondent sold his interest in the assets of the firm, except as hereinafter noticed, to appellant, Trumbower, and one Della Dona. Each partner had, at and before the dissolution, an overdrawn account upon the books of the company. Prior to the dissolution a mistake was discovered in appellant's account,

which made his indebtedness appear on the books $900 less than it really was. Both parties knew and conceded the mistake, and the exact amount of it, and a correction was entered on the books. In the dissolution and sale, everything seems to have been involved, and everything was transferred, except the "book accounts," and these were to be divided equally between appellant and respondent. Upon the theory that this $900 so due from appellant was a part of the book accounts to be divided, the respondent brought this action against appellant to recover one half of it.

The case was tried by the court without a jury and judgment rendered for plaintiff. Defendant appeals, and contends that the evidence is insufficient to sustain the findings of the court upon which the judgment rests. If the only question were whether this item of $900 was a proper and legitimate part of the "book accounts" of the firm, we think there could be but one answer. The items out of which it grew were regularly charged to appellant, with other debits; but in totalizing the several items so charged the sum of $152.23 was extended, instead of $1,052.23 as it should have been. If the same error had occurred in the account of a customer, the error would have been corrected, and the account so corrected would have been subject to equal division between the partners. In this case, however, appellant insists that the circumstances attending the settlement between these parties as partners show that it was their understanding and intention that this $900 was treated as an independent item, segregated from the book accounts, and, by itself, settled and disposed of between them, and therefore not included in the general agreement for an equal division of the book accounts. A memorandum was made and agreed to as the basis of their settlement. In this memorandum, showing the assets of the firm, this $900 appeared as a separate item, called "B. F. T.'s Overdraft," and was not included in the amount denominated as "Book Accounts." Respondent's explanation of this is that the $900 was an item by itself, the "book accounts" of the memorandum being only the aggregate of debits as they appeared from the books of the firm, by which

respondent's overdraft or debit account was $193.61, and appellant's was $338.26, when it should have been $1,238.26; that on account of such error in footing the $900 was not included in the "book accounts" of the memorandum, but was added as a separate item, but with no intention that it should be treated other than as a book indebtedness of appellant to the firm, just as it really was, and would have appeared, but for the mistake referred to. Appellant also contends that the terms of respondent's sale of his interest in the firm assets to appellant and Dona show that respondent then understood that the $900 item was cancelled by their settlemement and division. Respondent answers that it was a "lump trade," as it appears to us to have been, giving little, if any, help towards a satisfactory understanding of what the appellant and respondent intended or understood with regard to the disposition of this $900 item in their settlement. The case turns upon the intention and understanding of the parties,—a question of fact answered by the court upon evidence which, as we read it, we think might have supported a finding either way. It is one of those questions of fact which the trial court would be much more likely than we to decide correctly. The finding of fact of the trial court is always presumptively right, and, though not as controlling upon this court as the verdict of a jury, must stand, unless the evidence clearly preponderates against it. We cannot demonstrate, nor are we satisfied, that it does so in this case, and for that reason the finding cannot be disturbed. The judgment of the circuit court is affirmed.