DOWDLE v. CORNUE *et al.*

1. Where a section line is in controversy, the line as indicated by the government mounds established by the government surveyor must prevail, when the points at which the mounds were placed have been ascertained.

2. The question as to where the mounds made by the government surveyor at the time of the original survey were in fact placed is one of fact, and a finding thereon will not be disturbed unless there is a clear preponderance of the evidence against it.

3. Where a section line road has been established along a controverted line, but substantially on the section line; it follows and is located on the true section line, whenever that is finally determined.

4. Questions which were not presented to and decided by the trial court cannot be presented for review on appeal.

5. Assignment of errors not discussed in appellant's brief will not be considered.

(Opinion filed July 29, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. Jones, Judge.

Action to enjoin defendants from opening a highway on a section line. Defendants had judgment, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

*Palmer & Rogde (Hosmer H. Keith*, of counsel), for respondents.

Corson, P. J. This was an action to restrain the defendants, as township officers, from opening a highway on a section line as established by the county surveyor in accordance with the original government field notes of the original survey. The findings and judgment were in favor of the defendants and the plaintiff appeals.

Appellant does not question the correctness of the county surveyor's survey as not having been made in conformity with the original government field notes, but he contends that the government mounds, established by the government surveyor to mark the easterly boundary of the quarter section in controversy, were placed from 20 to 40 rods further to the east than the line as surveyed and established by the county surveyor by his official survey; and he contends that the mounds so placed by the government surveyor are controlling, as determining the true boundary of the quarter section. This last proposition is fully sustained by the decisions of this court, and when the location of the government mounds as established by the government surveyor is ascertained, the line as indicated by such mounds must prevail. The question as to where the mounds made by the government surveyor at the time of the original survey were in fact placed is one purely of fact, and, unless there is a clear preponderance of the evidence against the findings of the trial court, its findings will not be disturbed. The evidence in this case is voluminous and conflicting, and af-

ter a careful examination of it this court cannot say that there was a preponderance of evidence against the findings of the court. The easterly section line of the S. E. ¼ of section 5, Mapleton township, the line in controversy in this action, is a part of the first section south of the north township line. The section corner on the north township line and the section corner on the south township line seem to be recognized original government corners, and the survey made by the county surveyor connected these two established government corners by a straight line, and was presumptively correct. The burden was therefore upon the plaintiff to prove, by a preponderance of the evidence, that the mounds and stakes, which he claims were placed to mark the easterly boundary of the quarter section in controversy, were in fact placed there under the direction of the government surveyor at the time of the original survey; that is, that the mounds so claimed to be the original government mounds shall be proved to be such to the satisfaction of the court or jury. As before stated, the evidence in this case was conflicting, and a fair review of it would extend this opinion to an unreasonable length, and be productive of no benefit to the profession. A careful examination of it, however, leaves the mind with very grave doubts as to the existence of any mounds and stakes, such as are described by plaintiff's witnesses, at the points where plaintiff claimed they were placed by the government surveyor. The court, in our opinion therefore, was fully justified in refusing to find that such mounds and stakes were placed by the government surveyor at the points claimed by the plaintiff, and in finding that the line as surveyed by the county surveyor was the true line. Had the court found in favor of the plaintiff, this court would probably not have disturbed its findings upon the evidence before us, as there was evidence that would have justified such a finding.

Appellant further contends that, a section line road having been established along the section line in controversy in 1871, the power of the board to open up the section line road was ex-

hausted.   But the question in this case is, where is the section line?   When that fact is ascertained, then the road is located upon that line.   It is not pretended that there was any other road located than the one substantially on the section line.

Appellant further contends in this court that, plaintiff's grantor having made his location early in July, 1866, and the act of congress granting the right of way for highways over the public domain not having been passed until July 26, 1866, the plaintiff's right is superior to the claims of the public. But, conceding that there was evidence that plaintiff's grantor made a valid location in 1866, the question presented is not raised by the pleadings nor in any other manner in the court below, and cannot, therefore, be considered by this court.   One of the cardinal rules of appellate procedure requires that questions of which a review is sought shall first be appropriately brought before the trial court for decision.   Elliott, App. Proc. §§ 489, 490.   In Vose v. Cockcroft, 44 N. Y. 415, it was sought to raise, for the first time in the case, in the court of appeals, the question of the constitutionality of a law.   It was refused, and the court of appeals said:   "Under these authorities it is clear that the unconstitutionality of the act under which the bond was given was capable of being waived by the obligor. By failing to raise it or present it in any form for the consideration of the court below, he waived it as effectually as he could have done by express stipulation.   There is no proceeding known, in a civil case, by which questions can be presented for review in the court of appeals which have not been presented to the court below and there decided, although the facts upon which they might have been presented sufficiently appear." Codd v. Rathbone, 19 N. Y. 37; Graham v. Nowlin, 54 Ind. 389; Walker v. Owen, 79 Mo. 563; Garland v. Wholebau, 20 Iowa 271.

There were numerous errors of law assigned in the admission and exclusion of evidence, but, as they are not discussed in appellant's brief, they will not be considered.   The judgment of the circuit court is affirmed.