## McKenna v. Whittaker.

Plaintiff executed to defendant a deed absolute in form, and received from him $100. As part of the same transaction, defendant executed a similar deed, which, by agreement, was placed in escrow, to be delivered to plaintiff upon payment of $125 within 60 days. Payment was not made, and the escrow was delivered to defendant and by him destroyed. *Held,* in an action to have the deeds adjudged to be mortgages, that the ultimate question of fact which the trial court should have determined before the supreme court could review the decision was, "What was the intention and understanding of the parties?" and that a finding that the deed from plaintiff to defendant was an absolute conveyance was not such a finding upon such ultimate question of fact.

(Opinion filed Dec. 23, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J Plowman, Judge.

Action to have two deeds absolute in form adjudged to be mortgages, and a decree permitting plaintiff to redeem the property described therein. There was a judgment for defendant, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*McLaughlin & McLaughlin,* for appellant.

The provisions of Secs. 5066 and 5067, Comp. Laws, are mandatory. Gull River Lum. Co. v. School Dist., 48 N. W.

427. Scott & Co. v. Spaulding, 59 N. W. 867. See, also, Jandt v. Smith, 2 Dak. 46. Neither equity nor the law forbids parties making a sale of their land with a contract to reconvey, and where parties enter into such a contract in good faith, the contract will be upheld. Where the papers upon their face show a loan, they will be construed to be a mortgage. Parol evidence will be received to show that the transaction was in fact a mortgage. Where the papers do not show that a security was meant, it is incumbent upon the party seeking to establish a mortgage to show that a mortgage was intended. Morris v. Nyswanger, 5 S. D. 307, 58 N. W. 800; Wallace v. Johnstone, 129 U. S. 58, 9 Sup. Ct. Rep. '243; Hanford v. Blessing, 80 Ill. 188. Stahl v. Dehn, 40 N. W. 922; 15 Am. & Eng. Encyc. of Law 779, *et seq.*; Gassert v. Bogk, 19 Pac. 281; S. C. 149 U. S. 19; Sup. Ct. Rep. 738.

Where there is a deed and contract to reconvey, and oral evidence has been introduced tending to show that the transaction was one of security, and leaving upon the mind a well founded doubt as to the nature of the transaction, then courts of equity incline to construe the transaction a mortgage. Conway v. Alexander, 7 Cranch 281; Russell v. Southard, 12 How. 145; Crosby v. Buchanan, 81 Ala. 574, 1 So. 898; Mitchell v. Wellman, 80 Ala. 16; Turner v. Wilkinson, 72 Ala. 361; McNeil v. Norsworthy, 39 Ala. 156; Trucks v. Lindsay, 18 Iowa 504; Rockwell v. Humphrey, 57 Wis. 412, 15 N. W. 394; Snavely v. Pickle, 29 Gratt. 27; Keithley v. Wood, 38 N. E. 149; Jones on Mortgages, § 279; 15 Am. & Eng. Encyc. of Law, 783; Alderson v. Caskey, 25 S. W. 629; Peugh v. Davis, 96 U. S. 332; Brick v. Brick, 98 U. S. 514.

*G. C. Moody* and *W. S. Elder*, for respondent.

"Each case must be decided in view of the peculiar circumstances which belong to it and mark its character, and the only safe criterion is the intention of the parties, to be ascertained by considering their situation and the surrounding facts, as well as the written memorials of the transaction." GRAVES,

J., in Cornell v. Hall, 22 Mich. 377. See, also, 15 Am. & Eng. Encyc. of Law, 783; Slee v. Manhattan Co., 1 Paige Ch. 56; 4 Kent's Com. 145; Martindale on Conveyancing, 384. "Unless the relation of debtor and creditor remains, no mortgage can exist, for it is essential to the existence of a mortgage that there shall be either a pre-existing debt or one created at the time or one contracted to be created." 15 Am. & Eng. Encyc. of Law, 780; Glover v. Payn, 19 Wend. 518; McNamara v. Culver, 22 Kan. 661; Bridges v. Linder, 60 Ia. 190; Henley v. Hotaling, 41 Cal. 22; Hall v. Ashart, 80 Cal. 348; Chandler v. Chandler, 76 Iowa 574; Horn v. Kettellas, 46 N. Y. 605; Robinson v. Crosby. 6 Paige 1069. See, also, Heath v. Williams, 30 Ind. 495; 4 Kent's Com. 144.

Haney, J. Plaintiff seeks to have two deeds, absolute in form, adjudged to be mortgages, and a decree permitting him to redeem the property described therein. The pleadings and proof concerning each are substantially the same. Consideration of one will dispose of both. It is alleged in the complaint that on August 18, 1891, plaintiff borrowed of defendant $100, orally agreeing to pay back to him $125 in 60 days thereafter; that, to secure such loan, plaintiff executed and delivered to defendant a mining deed of a one-tenth interest in a certain lode; that the interest on such loan was illegal and usurious, being at the rate of 12½ per cent per month. Defendant denies all the allegations of the complaint not admitted, and alleges that plaintiff, for the consideration of $100, sold and conveyed the lode to defendant; that, on the same day, defendant made an agreement with plaintiff for a conditional sale of the property, and executed a deed conveying the same to plaintiff, which was placed in escrow, to be delivered to plaintiff at any time within sixty days, provided he paid defendant $125, otherwise to be returned to defendant; that plaintiff failed to comply with the terms of the escrow, in that he failed to pay defendant $125; and that, after the expiration of 60 days, it was surren-

dered to defendant, and was by him destroyed. Defendant further alleges that the transaction was not a loan of money upon mortgage security, but an agreement for a conditional sale, the conditions of which were not performed by the plaintiff. In its decision, the court finds that the deed executed and delivered by plaintiff to defendant was an absolute conveyance of the property, and that it vested in defendant all the right, title, and interest of plaintiff in and to the property, and concludes, as matter of law, that, by reason of the deed, defendant is the owner of the property therein described. Counsel for plaintiff contends that the evidence is insufficient to justify the decision; further, that there are no findings of fact.

Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. In giving the decision, the facts found and conclusions must be separately stated. Laws 1893, Chap. 72; Comp. Laws, § 5067. This statute does not contemplate a recital of merely evidential facts, or the language of the pleadings. It requires a statement of the ultimate facts responsive to the issues arising upon the pleadings—a finding upon each material issue of fact involved in the action. Gull River Lumber Co. v. School Dist. No. 39, 1 N. D. 500; 48 N. W. 427; Anderson v. Alseth (S. D.) 66 N. W. 320; Jandt v. South, 2 Dak. 46, 47 N. W. 779. Simple as the rule seems to be, its application to particular cases frequently causes great perplexity. In many instances it is extremely difficult to determine what are "ultimate facts," as distinguished from evidence, on the one hand, and conclusions of law, on the other. Usually, the court's findings should substantially conform to the allegations of the pleadings, but they are not always stated with accuracy and precision. The court should determine what material ultimate facts are at issue, and make its findings thereon, guided by the same considerations which would control it in framing special interrogatories for a jury. Statements which would be sufficient in a special verdict are sufficient when made by the court. The case at bar

aptly illustrates the necessity of accurate pleading and proper findings. The following facts are established by the evidence beyond dispute: Plaintiff executed and delivered to defendant a deed, absolute in form, and received from him $100. On the same day, and as part of the same transaction, defendant executed a similar deed, which, by agreement of the parties, was placed in escrow, to be delivered to plaintiff upon payment of $125, at any time within sixty days. Payment was not made, and the escrow was delivered to defendant, by whom it was destroyed. Whether this entire transaction constituted a loan to plaintiff of $100 for sixty days, with interest at 12½ per cent per month, secured by hypothecated realty, or a conditional sale of such realty to plaintiff, depends upon the intention of the parties at the time the deeds were executed and the money was received by plaintiff. The real question was this: What was the intention and understanding of the parties? It was a question of fact to be determined from what was said and done by them in the light of all the attending circumstances; a question peculiarly within the province of a jury or trial court. Touching this matter of intent, the evidence is conflicting. Until passed upon by a court or jury, having an opportunity to see the witnesses, and properly weigh all the evidence, this court should not be called upon to pronounce judgment. Does it appear from the decision that the circuit court considered and decided this material issue of fact? We think not. Its only expression of opinion is to the effect that the deed from plaintiff to defendant was an absolute conveyance, and vested in defendant all the right, title, and interest of plaintiff in and to the property. Should we hold that this declaration necessarily includes a finding upon the real issue—the question of intent—we would have to sustain the decision, because we cannot say there is a clear preponderance of the evidence against it. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. Evidently the deed from plaintiff to defendant was not, under the circumstances, disclosed by the answer and the uncontradicted evidence, and ab-

solute conveyance. There was either a conditional sale from defendant to plaintiff, or a loan secured by the realty. There is not enough in the decision to indicate that the only substantial issue involved in the action was passed upon by the trial court. The judgment must be reversed and a new trial awarded. It is so ordered.