## SANDS v. CRUIKSHANK *et al.*

1. The rule that granting a new trial for insufficiency of evidence will be reversed only where there has been a manifest abuse of discretion will not obtain where the application is heard by a judge who did not presided at the trial.

2. The findings of a trial court on disputed questions of fact are presumptively right, and must stand unless the evidence clearly preponderates against them.

3. Where, in a suit to determine adverse claims to mining grounds, defendant's location rested on an alleged lode location prior to plain-

tiff's the burden was on defendant to establish the fact of an actual discovery prior to the initiation of the plaintiff's location.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Lawrence county. Hon. Joseph. B. Moore, Judge.

Action by Martin Sands against Alexander Cruikshank and another. From an order granting defendants a new trial, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Frank McLaughlin, Wm. R. Steele,* and *I. W. Goodner,* for appellant.

The court above will not ordinarily review the action of the court below in granting or refusing a new trial upon the alleged insufficiency of the evidence to sustain the verdict of the jury or the findings of the court, unless there has been an abuse of discretion, the reason uniformly given by appellate courts for this rule is that the court below having had the opportunity to hear the testimony of the witnesses, to observe their demeanor upon the stand, their evident partiality or impartiality, and all the other advantages of seeing and hearing the witnessess, has had better opportunities for weighing and determining the weight and credibility which should be given to the testimony of the witnesses than it is possible for the appellate court to have, where the witnesses are not before it for observation, but only the printed record of their testimony; but this rule can have no application to this case, where the judge who set aside the findings of fact, conclusions of law, and judgment of his predecessor, had no other or better opportunity to deal with the question than has the appellate court. When the reason of a rule ceases, so should the rule itself. Comp. Laws, section 4697. Trotter et al v. M. R. F. Life Assn. et al., 9 S.

D. 600; Troy Mining Co. v. White, 10 S. D. 482; Braithwaite v. Aikin, 49 N. W. 421.

*Moody, Kellar & Moody* and *Horner & Stewart,* for respondents.

HANEY, J. This is an action to determine adverse claims to certain mining ground in Lawrence county. It was tried before Hon. A. J. Plowman without a jury. His decision was in favor of the plaintiff, and judgment was rendered accordingly. Subsequently defendants' application for a new trial was heard and granted by Hon. Joseph B. Moore, who in the meantime had succeeded Judge Plowman as judge within and for the Eighth circuit. The grounds of the application designated in the notice of intention are insufficiency of the evidence to justify the decision, and errors in law occurring at the trial. Plaintiff appealed from the order granting a new trial.

Defendants' title to the ground in dispute rests upon an alleged lode location initiated January 1, 1886. The plaintiff's title depends upon an alleged lode location initiated September 29, 1891. As we read the record and understand the arguments of counsel, the only real controversy in this court relates to the sufficiency of the evidence to establish an actual discovery by defendants prior to the location of the plaintiff's claim. Assuming that defendants proved performance of the other acts necessary to the acquisition and continuance of their title, and that the plaintiff proved performance of all the acts required to make and maintain a valid location on his part, if the defendants made a discovery, within the meaning of the statute, the ground in controversy was not unappropriated lands of the government when the plaintiff's claim was initiated, and his location was void. 1 Lindl. Mines, § 337. If, on the other hand,

the defendants failed to prove an actual discovery prior to the intervening of the plaintiff's rights, they cannot complain of the judgment rendered by the trial court. "A location can rest only upon an actual discovery of the vein or lode. Such discovery must precede the location, or be in advance of intervening rights." Lindl. Mines, § 335. Upon this branch of the case the trial judge found as follows: "That on the first day of January, A. D. 1886, Alexander Cruickshank, one of the defendants, and one J. C. Shurts, made a pretended location of a mining location called the Stewart lode or mining claim. That said location was attempted to be made by posting a notice at or near some work that had been done and performed some years prior thereto upon a mining location known as and called the Lily lode or mining claim; but at the time of the pretended location of said Stewart lode or mining claim, the said pretended locators thereof made no discovery of any vein, lode, or ledge of rock in place bearing valuable mineral, nor did they at any time make such discovery prior to the location of the Big Foot lode by Martin Sands and Gregory Cruikshank on the 29th day of September, 1891." When the application has been heard by the judge before whom the action was tried an order granting a new trial on the ground of insufficiency of evidence will be reversed only where there has been manifest abuse of discretion. Thomas v. Fullerton, 13 S. D. 199, 83 N. W. 45; Morrow v. Letcher, 10 S. D. 33, 71 N. W. 139; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811. The reason of this rule is that one who has observed the appearance and demeanor of witnesses is in a better position to intelligently weigh oral evidence than one who merely reads an abstract of it as preserved in a bill of exceptions. Where the reason is the same, the rule should be the same,

but, when the reason of a rule ceases, so should the rule itself. Comp. Laws, §§ 4697, 4698. In this case the judge who granted defendants application did not preside at the trial. To him "The record was as cold and lifeless as it is to us." Brithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419. He cannot be presumed to have viewed the record from any better position than that occupied by the judges of this court. His decision should be given no greater force or effect than the opinion of an appellate judge. Should one member of this court conclude from an examination of the record on any appeal, that the evidence was insufficient to sustain the verdict or decision, his opinion would be entitled to respectful consideration, but it would not preclude other members of the court from reaching and announcing a different conclusion. So, we think, should the ruling of Judge Moore be regarded, under the peculiar circumstances of this case. The findings of a trial court on disputed questions of fact are always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, must stand unless the evidence clearly preponderates against them. Fielderman v. Trumbower, 7 S. D. 408, 64 N. W. 189; Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; Webster v. White, 8 S. D. 479, 66 N. W. 1145; McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587; Hulst v. Association, 9 S. D. 144, 68 N. W. 200; Grewing v. Machine Co., 12 S. D. 127, 80 N. W. 176. Notwithstanding it may be true that in the foregoing cases the evidence was reviewed in this court after the judge who persided below had refused a new trial, we think that substantially the same force should be given the findings of fact in this case. It is disclosed by the record that the trial began April 17, 1897, and that the decision was not filed until December 11, 1897. Hence there was ample opportunity for the most deliberate

and thoughtful consideration of the evidence on the part of the trial judge, and no reason whatever appears for assuming that he would have granted a new trial on the ground that the evidence was insufficient to sustain his decision. Therefore we conclude that the finding heretofore set out should be sustained unless there is a clear preponderance of the evidence against it. The burden was on the defendants to establish the fact of an actual discovery prior to the initiation of the plaintiff's location. All the testimony touching this issue was oral. It was conflicting. The direct testimony of the defendant, who claimed to have found rock in place containing mineral, was in itself, as it appears in the record, indefinite and unsatisfactory. Its weight may have been seriously impaired by reason of the witness' admission on cross-examination that he had sworn to material statements in another proceeding which were directly inconsistent with his testimony upon the trial of this action. Indeed, the finding of the court upon this issue as to the discovery must, we think, have been controlled by its decision as to the credibility of the witnesses—especially those testifying on behalf of the defendants. Thus the case is peculiarly within the reason of the universal rule that the credibility of witnesses is a question for the trial judge or jury. If, however, we were to assume that all of the defendants' witnesses were entitled to entire credit for truthfulness, we could not say in view of the inferences which might be fairly drawn from all the evidence, that there is a clear preponderance against the finding. No useful purpose would be served by an extended statement of the evidence bearing upon this issue of fact. It has received careful consideration. After a thorough examination of the entire record, we think the decision and judgment of the trial court should not have been disturbed.

The order granting a new trial is reversed.