HILL v. WHALE MIN. Co. *et al.*

1. Though by statute, findings of fact by the trial court are not as controlling upon the appellate court as the verdict of a jury, they are presumptively correct, and must stand unless the evidence clearly preponderates against them.

2. Where plaintiff in a mortgage foreclosure suit makes a third party a party defendant, alleging that such party has or claims to have some right or interest in the mortgaged premises, but that such right or interest is subordinate to plaintiff's mortgage, such party has a standing in court to resist the enforcement of plaintiff's alleged lien without establishing his own.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Faulk county. HON. LORING E. GAFFY, Judge.

Suit by Henry Hill against the Whale Mining Company and others. From a decree in favor of defendants, complainant appeals. Affirmed.

*George J. Jarvis, I. Allen Cornwell,* and *Wadsworth & Wadsworth,* for appellant.

*D. H. Latham* and *F. B. Hart,* for respondent Mary M. Smith.

HANEY, P. J. It is alleged in the complaint in this action that on July 9, 1892, all of the defendants except Mary M. Smith executed a note to the plaintiff for $2,940; that to secure its payment, defendants E. K. and Mary R. Smith executed a conveyance to the plaintiff of certain realty in this state, in form an absolute deed, but intended to be a mortgage; that plaintiff has paid certain taxes on the mortgaged premises; that no part of the note or sums so paid for taxes has been paid by the defendants; and that defendant Mary M. Smith has or claims to have some right or interest in the mortgaged premises, but such right or interest is subsequent and subordinate to the lien of the plaintiff's mortgage. All of the defendants except Mary M. Smith defaulted. In her answer the execution of the note and mortgage sued on is admitted. The execution to her by E. K. Smith, of a note for $2,000, secured by a second mortgage on the same premises, is alleged; and it is averred

"that on or about the 11th day of November, 1892, the said plaintiff, Henry Hill, commenced an action upon the indebtedness for $2,940, described in the complaint, in the district court in Arapahoe county, state of Colorado, said action being entitled 'Henry Hill Plaintiff vs. The Whale Mining Company, Defendant,' and that thereafter judgment was duly entered in said cause by default against the Whale Mining Company, and thereafter execution was issued out of said court to the sheriff of San Juan county, Colorado, and said sheriff, by virtue of the same, duly levied upon the property of said Whale Mining Company, and sold the same at execution sale, satisfying said judgment in full, and duly returning said execution, duly satisfied, to the court from which it issued, thereby paying said notes described in the complaint in full, and the judgment procured upon the same is fully satisfied and paid." The court below found the facts to be as follows: "On July 9, 1892, the plaintiff, Henry Hill, loaned two thousand, nine hundred and forty dollars ($2,940) to the Whale Mining Company, a corporation then doing business in the state of Colorado, and one of the defendants herein, and received therefor the note of said corporation for $2,940, payable to himself on demand. As a part of said transaction the note sued upon in this action was also executed and delivered to plaintiff. The body of said note is practically a duplicate of the note first described, and both of said notes were made and based upon the same consideration. To secure the payment of this second note, E. K. Smith and wife, joint makers thereof, conveyed the land described in plaintiff's complaint to the plaintiff, Henry Hill, by warranty deed, which said deed was duly recorded January 12, 1893, in the office of the register of deeds in and for Faulk county, South Dakota, in Book nine (9) of Deeds, on pages 338 and 339, and so remains of record. While said conveyance was absolute in form,

it was in fact but a mortgage given to secure to plaintiff the repayment of the said $2,940 loaned to the Whale Mining Company, as stated in my first finding of fact. (3) I further find that long prior to the bringing of this action the note described in my first finding of fact herein was by the Whale Mining Company fully paid to plaintiff, and discharged, and that thereupon plaintiff's mortgage lien upon the land described in his complaint herein was fully satisfied and released, and that the plaintiff ever after and now holds the title to said property in trust for the defendant, E. K. Smith, said plaintiff personally having no beneficial interest therein whatsóever. (4) I further find that on or about September 2, 1893, The defendant, E. K. Smith, owner of the real estate described in plaintiff's complaint, for a valuable consideration, executed and delivered to Mary M. Smith, one of the defendants herein, his certain mortgage deed, whereby he mortgaged to said Mary M. Smith all of the said tracts of land described in plaintiff's complaint, which said mortgage was conditioned for the payment to said Mary M. Smith of the sum of two thousand ($2,000) with interest. Said mortgage was duly recorded in the office of the register of deeds in and for said Faulk county, South Dakota, on the 19th day of April, A. D. 1894, in Book number thirty (30) of mortgages, on pages 18 to 21, inclusive. (5) I further find that said mortgage debt of E. K. Smith to the defendant, Mary M. Smith, is unpaid, and that there is due and owing to said defendant Mary M. Smith from said E. K. Smith, on account of said mortgage indebtedness, a substantial sum of money, the exact amount of which is unnecessary to determine in this action. Said mortgage above referred to remains of record wholly unsatisfied and unreleased."

These facts seem to be undisputed: On or about July 9, 1892,

E. K. Smith received of the plaintiff the sum of $2,940, which was used for the purpose of redeeming certain property belonging to the defendant corporation, of which Smith was treasurer. On November 18, 1892, the plaintiff recovered judgment in Colorado against the defendant corporation for $6,168.93 upon certain notes, one of which was for $2,940, dated July 9, 1892, and executed by the corporation. An execution was issued upon this Colorado judgment, the property of the corporation was sold at sheriff's sale to the plaintiff, and the execution was returned fully satisfied. Thus it appears that two notes for the same amount, in substantially the same terms and bearing the same date, upon which the corporation was maker, were given to the plaintiff. One of these was merged in the Colorado judgment, which was satisfied by the sale of the corporation's property; the other is the foundation of this action. As we understand the argument of appellant's counsel, it is conceded that the defendants received of plaintiff only $2,940, that the note sued on in this action is the evidence of that indebtedness, and that the note sued on in Colorado was given to enable the plaintiff to protect E. K. Smith's interests in the corporation. It will be observed that the court below did not adopt this view as to the facts. It found, in effect, that there was but one indebtedness; that it was evidenced by the note sued on in Colorado; and that the note here in suit was collateral to the former. The findings of a trial court on disputed questions of fact are always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, must stand, unless the evidence clearly preponderates against them. Sands v. Cruikshank, 15 S. D. 142, 87 N. W. 589; Feldman v. Trumbower, 7 S. D. 408, 64 N. W. 189; Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4; Reid v. Kellogg, 8 S. D. 596, 67 N. W.

687; Webster v. White, 8 S. D. 479, 66 N. W. 1145; McKenna, v. Whittaker, 9 S. D. 442, 69 N. W. 587; Hulst v. Association, 9 S. D. 144, 68 N. W. 200; Grewing v. Machine Co., 12 S. D. 127, 80 N. W. 176. In view of the admissions in the Colorado judgment roll, the interest of the witnesses, and the undisputed facts, equally impartial minds might reasonably draw different conclusions as to the true nature of the transaction involved in this action. It is evident that the parties, either intentionally or otherwise, signally failed to express their real intentions in any of the writings relating to the loan from plaintiff to the corporation or E. K. Smith, whichever it was. Whether the plaintiff and E. K. Smith are attempting to protect the mortgaged premises against the claim of the second mortgagee, or whether E. K. Smith and the second mortgagee are attempting to defraud the plaintiff, are questions which cannot be satisfactorily determined from the record before us. The transaction, as presented by this appeal, is certainly an exceptional one. The more the evidence is studied, the more difficult it becomes to reach any satisfactory opinion as to the motives of the parties or the truth of the facts. Such being the condition of the record, the facts must be deemed to be established as found by the trial court.

It is contended that, notwithstanding the principal obligation may have been satisfied by the purchase of the corporation's property and the lien of plaintiff's collateral mortgage thus extinguished, the defendant Mary M. Smith has no standing in court for the reason that she failed to prove the existence of any indebtedness secured by her mortgage. The only evidence offered in support of her claim or interest was a mortgage duly executed acknowledged, and recorded, purporting to secure a note for $2,000. In the judgment below, the lien of this mortgage is adjudged to be superior

to the rights of the plaintiff in the premises, the indebtedness secured by the plaintiff's mortgage is adjudged to be fully paid, and defendant Mary M. Smith recovers her costs and disbursements. Were it conceded that a mortgage is not evidence of the existence or ownership of the indebtedness purported to be secured thereby, the plaintiff in this action would be in no better position. He made the respondent a part defendant, alleging that she had or claimed to have some right or interest in and to the mortgaged premises which was subsequent and subordinate to his own claim. Having been thus invited, she was certainly entitled to appear and interpose the defense that plaintiff's alleged lien had ceased to exist because the obligation secured thereby had been extinguished. The determination of this issue was first in the order of trial, and, having prevailed in respect thereto, respondent was not required to go further, as she did not seek to foreclose her own lien. She was a party to the action, made such by the plaintiff, and as fully entitled to resist his cause of action as the owner of the mortgaged premises would have been had he answered. Having failed to establish the existence of any lien upon the property, plaintiff was entitled to no relief whatever, and cannot complain because his action was, in effect, dismissed upon the merits.

The judgment is affirmed.