## McGRAY v. MONARCH ELEVATOR CO.

1.  Where a section line is in controversy it is the duty of the court to ascertain, if possible, the line as indicated by monuments and mounds established by the government surveyor, and such lines, when discovered, must prevail.

2.  The supreme court presumes that the decision of the trial court on the weight of the evidence is correct, and the presumption is only overcome when the court is satisfied that there is a clear preponderance of the evidence against the decision.

(Opinion filed July 2, 1902)

Appeal from circuit court, Roberts county.   Hon. A. W. CAMPBELL, Judge.

Action by C. William McGray against the Monarch Elevator Company to recover a tract of land.   From a judgment for defendant, plaintiff appeals.   Affirmed.

*Howard Babcock (F. W. Murphy* and *Thomas Kneeland,* of counsel), for appellant.

*Barrington & Lane (W. E. Purcell,* of counsel), for respondent.

CORSON, J.   This is an action by the plaintiff to recover of the defendant a tract of land in Roberts county adjoining the town site of White Rock, 100x150 feet in extent.   Findings and judgment were in favor of the defendant, and the plaintiff appeals.   The case was tried by the court without a jury, and it finds, among other things, that on August 1, 1896, and long prior thereto, one J. E. Haggart was the owner in fee simple of the S. W. ¼ and lots 1 and 2 in section 3, in township 128 N., of range 47 W.; that on or about the said day the said Haggart sold and conveyed the property in controversy to the

defendant; that immediately thereafter the defendant erected upon said premises a grain elevator, power house, and machinery for running the same, and since said purchase it has been in possession of the said premises. The court further finds that on the 23d day of May, 1899, one R. S. Tyler was owner of a part of the N. W. ¼ of section 10 in said township and range; that on said day said Tyler executed two certain deeds, and assumed to convey to one ——— Wilkes the premises theretofore conveyed to the defendant by the said Haggart; that after said deeds were executed by said Tyler, but before they were delivered to the said Wilkes, the name of the said Wilkes was erased from the same, and the name of the plaintiff written therein. The court further finds that prior to the 1st day of August, 1896, and while the defendant, through its general agent, was contemplating the purchase of an elevator site, and was endeavoring to purchase such site, the said Tyler, with full knowledge of the intention on the part of the defendant, pointed out to the said agent for this defendant the tract of land upon which the elevator and power house were subsequently erected, and stated to the said agent that the said land was owned by John E. Haggart, of Fargo, and that the said agent could doubtless purchase a site for the elevator from the said Haggart; that the said defendant did then purchase the tract of land in controversy from the said Haggart believing said tract to be, and said tract was, the identical land so pointed out to this agent; that neither the defendant nor its agent at the time the land was pointed out to the agent by said Tyler had any knowledge of the location or the boundaries of said tract of land except as the same was pointed out by the said Tyler and afterwards measured and marked

by a surveyor.   The court further finds that in 1884 said Tyler laid out the town of White Rock upon a part of section 10 adjoining said section 3, and that the elevator property was north of and adjoining to said town site.   From the findings the court concludes as a matter of law that the defendant is the absolute owner of the premises in controversy; that the plaintiff is estopped to deny that the center of the highway along the north line of the town site of White Rock is the section line between sections 3 and 10; that the deeds executed by said Tyler and to the said Wilkes, and altered and delivered to the plaintiff, were, and are, absolutely void; and that the defendant is entitled to judgment.

It is contended on the part of the plaintiff and appellant that the premises in controversy are a part of the N. W. $\frac{1}{4}$ of section 10, while the defendant and respondent contends that the premises are a part of section 3.   The appellant contends that the findings are not supported by the evidence.

The principal question to be considered is as to whether or not the section line as originally surveyed by the government surveyor ran north or south of the premises in controversy.   There was a large amount of evidence introduced on both sides as to the location of the original government section line.   The evidence on the part of the appellant tended to prove that the line as originally established was about 135 feet farther to the north, which would leave the elevator property upon section 10.   The evidence of the respondent tended to prove that the section line above mentioned was south of the elevator, leaving the property upon section 3.   The witnesses for both parties claim to have known the location of the original stake and mound, establishing the government

corner at a point near the premises in controversy. The appellant relies largely upon the evidence of three surveyors, who claim to have recently made the survey of the section line from a recognized government corner following the plat and field notes of the original surveyor, and establishing the line as north of the elevator property, and appellant insists that the line as so established by the surveyors gives to the evidence a decided preponderance in favor of the appellant. But, while this evidence is entitled to consideration, it is the duty of the court to ascertain if possible the line as indicated by monuments and mounds established by the government surveyor, and, as above stated, the evidence on the part of the respondent tended to establish the fact that the original mound was in the center of the highway laid out as the north boundary of the city of White Rock, in 1884. Arneson v. Spawn, 2 S. D. 269, 49 N. W. 1066, 39 Am. St. Rep. 783; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194. If the section line was established as claimed by the appellant, a strip of land would be left between the town site of White Rock as laid out and the section line. It does not seem probable that Mr. Tyler in laying out this town site would leave such a strip of a few feet in width between the town site and the section line, and he and his surveyors must have understood that the section line ran as now claimed by the respondent. The evidence is too voluminous to attempt to reproduce it in this opinion, or even a summary of it, and it must suffice to say that after a careful examination of it we are not satisfied that it preponderates against the findings of the court. This court has held that, on review of the evidence, it will presume that the decision of the trial court upon the weight of evidence is correct, and it is

only when this court is satisfied that there is a clear preponderance of the evidence against such decision that such presumption will be overcome and the decision reversed. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4.

In the view we have taken of the case, it does not become necessary for us to pass upon the other question discussed by counsel, namely, the question of estoppel, and the question of the invalidity of the deeds to the plaintiff.

The judgment of the circuit court and the order denying a new trial are affirmed.