## TYLER *et al.* v. HAGGART.

1. An order for a new trial, granted by the successor of the judge who tried the case, does not carry the usual presumption under which such an order will only be reversed in case an abuse of discretion appears.

2. Findings of the trial judge based on conflicting testimony are entitled to very great consideration on appeal.

3. Where, on an issue as to the location of a government corner by the surveyors, the actual location of the corner is shown, the actual location controls, though it does not correspond fully with the calls in the field notes.

FULLER, J., dissenting.

(Opinion filed February 21, 1905.)

Appeal from circuit court, Roberts county; Hon. J. H. McCoy, Judge.

Action by Anna Dwight Tyler, as executrix of the will of R. S. Tyler, deceased, and others, against John E. Haggart. From an order granting a new trial, defendant appeals. Affirmed.

*Barrington & Lane (Leonard A. Rose* and *Purcell, Bradley & Divet,* of counsel), for appellant.

An order for a new trial granted by the successor of the judge who tried the case does not carry the usual presumption under which such an order will only be reversed in case an abuse of discretion appears. Sands v. Cruikshank, 15 S. D. 146; Graithwaite v. Aiken, 2 N. D. 57.

Where a section line or other starting point actually exists it is always a question of fact and not of theory and cannot be left to the opinion of an expert for final decision. Radford v. Johnson, 8 N. D. 182; Cronin v. Gore, 38 Mich. 381; Case v.

Trapp, 49 Mich. 59, 12 N. W. 908; Stewart v. Carlton, 31 Mich. 269.

The map and field notes on paper are only the report or return of the survey. The patent is understood to refer to the lines actually run out on the ground rather than the courses and lines named in the return. The original marks and living monuments constitute the survey. Clement v. Packer, 125 U. S. 309 and 327; Gardner v. Myrich, 5 Ore. 65; Kronenberger v. Hoffner, 44 Mo. 185; Whitehead v. Regan, 17 S. W. 307.

The corner established by the United States survey will be taken as the true corner whether such location was in fact right or wrong as might be shown by a subsequent survey. Vittoe v. Richardson, 58 Iowa 575; Nesselrode v. Parish, 59 Iowa 570; Beardsley v. Crane, 52 Minn. 537; Climer v. Wallace, 28 Mo. 556; Major v. Watson, 73 Mo. 661; Town of Liberty v. Burns, 114 Mo. 426; Squires v. Greer, 2 Wash. 209; Greer v. Squires, 9 Wash. 359.

*W. F. Mason* (*Newman, Spalding & Stambaugh* and *Norville & Engerud,* of counsel), for respondents.

An order granting a new trial on the ground of insufficiency of evidence will be reversed only when there has been a manifest abuse of discretion. Thomas v. Fullerton, 13 S. D. 199; Morrow v. Letcher, 10 S. D. 33; Distad v. Shanklin, 11 S. D. 1; Grant v. Grant, 6 S. D. 147; Alt v. Railway Co., 5 S. D. 20; Hodges v. Bierlein, 4 S. D. 258.

Where government monuments have been placed at the original corners, though somewhat indistinct and imperfect, they must control in all subsequent surveys, if they can, in any possible manner, be identified. When the evidence shows that mounds were originally established, and that mounds claimed

to be such were found by the first settlers when the country was settled, still exist, and are claimed to be the original government mounds, and the re-survey established corners at points where there are no indications of government mounds, in all instances the government must control. Randall v. Burke Township, 4 S. D. 337; Hanson v. Township of Red Rock, 4 S. D. 359; Dowdle v. Cornue, 9 S. D. 126.

CORSON, P. J. This action was originally commenced by by Richard S. Tyler as plaintiff, who died subsequently to the findings and judgment in this action hereinafter referred to, and the present plaintiffs were substituted for the deceased under the statue. For convenience we shall designate the said Tyler as plaintiff in this opinion. The appeal in this case is from an order granting a new trial. The case was tried in the court below by the Honorable A. W. CAMPBELL, at the time judge of the Fifth Circuit, who retired from office in January, 1902. The findings and conclusions of law were in favor of the defendant, and judgment was entered accordingly. Subsequently a motion for a new trial was made before the Honorable J. H. McCOY, who succeeded Judge CAMPBELL as judge of the Fifth Circuit. The motion was granted, and from the order so made by Judge McCOY this appeal is taken.

The order for a new trial having been made by Judge McCoy, who took no part in the trial of the case, does not carry with it the presumption usually connected with such an order, namely, that the ruling of the trial court in granting or denying the motion would only be reversed in case of an abuse of the court's discretion; and the principle to be applied to such a case is thus stated by this court in Sands v. Cruikshank, 15

S. D. 146, 87 N. W. 589, as follows: "The reason of this rule is that one who has observed the appearance and demeanor of witnesses is in a better position to intelligently weigh the oral evidence than one who merely reads the abstract of it as preserved in a bill of exceptions. Where the reason is the same, the rule should be the same, but when the reason of the rule ceases so should the rule itself. Comp. Laws 1887, §§ 4697, 4698. In this case the judge who granted defendant's application did not preside at the trial, to whom the record was as cold and lifeless as it is to us. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419. He cannot be presumed to have reviewed the record from any better position than that occupied by the judges of this court. His decision should be given no greater force or effect than the opinion of an appellate judge." Following the rule thus laid down, we shall proceed to examine the case, and determine therefrom whether or not the learned circuit court erred in granting a new trial.

The controversy, as will appear from an examination of the case, is as to the ownership of a triangular piece of land situated north of the north line of White Rock, in Roberts county. It is claimed by the plaintiff and respondent in this case that the line dividing sections 3 and 10 of township 128, range 47, ran north of the premises in controversy, and that consequently the same constituted a part of said section 10, owned by the plaintiff. It is claimed by the defendant and appellant that the line between the two sections ran south of the said premises, and consequently the same was a part of section 3. The court found, in substance, as follows: That on the 1st day of August, 1896, and for a long time prior thereto, John E.

Haggart, the defendant and appellant, was the owner in fee simple of the southwest quarter of section 3, township 128 north, of range 47 west, in the county of Roberts; that on or about said day, and while he was so the owner of said land, the said appellant sold and conveyed a part of said premises therein described; that on the 8th day of July, 1894, and for a long time prior and subsequent thereto, Richard S. Tyler, deceased, the original plaintiff in this action, was the owner of certain land lying and being in the northwest quarter of section 10, in township 128, range 47; that on the 8th day of July, 1894, the plaintiff was the owner of the land described in the preceding finding, and platted and caused to be platted the town site of White Rock; that immediately north of said town site as so platted and laid out is a highway, and that the section line ran east and west between sections 3 and 10 through the center of the highway running along the north line of said town site of White Rock as platted and surveyed and located and constructed as set forth in the preceding finding of fact; that the quarter-section corner monument, by the evidence introduced in the case, as established and located by the government surveys, was at a point 40 chains east on a true line from the section corner monument between sections 3-4-9-10 in the center of the highway immediately north of the platted town of White Rock, and that the point at which such quarter-section monument was actually established by the government surveyor who made the survey of said land was 134.7 feet or thereabouts, south of the point at which plaintiff claims said quarter-section corner should be located; that defendant is the owner in fee simple and entitled to the immediate possession of all those tracts of land situated and being in the west half of the south-

west quarter, and lots 1 and 2, section 3, of said township; that the south boundary of the land herein described extends to the highway immediately north of the said platted town site of White Rock, and extends along the northern boundary of said town site as laid out and platted; that plaintiff has no right, title, or interest in or to the land described in paragraph 1 of plaintiff's complaint, or any portion thereof, or to any lands in said section 3, hereinbefore described, lying north of the highway as traveled immediately north of the town site of said White Rock as laid out and platted, but that defendant is the owner and entitled to the possession of all of such lands and premises, with the exception of that portion thereof which is described in the first finding of fact as having been conveyed by said defendant, which tract. so described is owned by the Monarch Elevator Company. From these findings the court concludes that the plaintiff is entitled to no relief in this action, and that the defendant is entitled to judgment, and judgment was accordingly entered.

It is contended by respondent, in support of the order made by the trial court, that the findings of fact were not sup ported by the evidence, and that the preponderance of the evidence was clearly in favor of the respondent's claim of owner-ership, and therefore that the learned circuit court was right in granting the new trial. It is contended, on the other hand, by the appellant, that while the evidence was conflicting, neither the trial court nor this court can say therefrom that there is a preponderance of the evidence against the findings of the trial court as made by Judge Campbell. The evidence in the case at bar is very voluminous, extending over nearly 200 pages of closely printed abstract, and we shall not attempt

to reproduce it in this opinion. The question presented in the case is mainly one of fact as to where the corner mound was originally placed by the government survey. As before stated, the plaintiff claims that it was 135 feet, or thereabouts, north of the center of the highway running along the north line of White Rock, and by the defendant it is contended that it ran along the center of the said highway. There were perhaps a larger number of witnesses who testified that the original monument was placed by the government survey north of the premises in controversy, but it is evident from a careful examination of the evidence that the trial court might have reasonably found that the weight of the evidence was in favor of the claim that the government mound was originally placed at a point in the center of the highway by reason of the character of the witnesses, their opportunities for observation, the frequency with which they observed the monument, and the manner in which they gave their testimony. The trial judge, therefore, who heard the evidence, who saw the witnesses, observed their manner of testifying, considered the opportunities they had of observing the original location of the monument, and the length of time they had been familiar with the same, was better able to judge of the credit and weight to be given to the evidence than either the trial court that grant the order for a new trial or this court could have; and after a careful review of the evidence we are inclined to the opinion that the findings of the trial court were fully justified by the evidence. It may be observed that the former circuit judge who tried the case had listened to the evidence in the case of McGray v. Monarch Elevator Company, 16 S. D. 109, 91 N. W. 457, involving substantially the same questions presented in this case, had pass-

ed upon a motion for a new trial in that case, and also had
heard all the evidence in the case at bar. In view of these
facts his judgment upon the weight of the evidence is entitled
to very great consideration.

It appears from the record that much of the evidence of
the surveyors on the part of the plaintiff was based upon the
field notes of the original survey, while much of the evidence
of the surveyors on the part of the defendant was based upon
their observation and knowledge of the original mound made
by the government surveyors, and obtained by them while
making the survey of the township, and while in the employ of
the government as such surveyors, as well as upon the field
notes of such survey, and it would seem that their evidence
was entitled to the greater weight from the fact that they claim
to have the knowledge and information of the original mound as
located by the government survey, and had frequently observ-
ed the same. The same may be said of the nonprofessional
witnesses. Apparently those testifying for the defendant as
to the location of the original monument in the center of the
highway before the same was laid out and constructed were
more familiar with the location of that corner, and had more
frequently observed and noticed it, than the witnesses on the
part of the plaintiff; and the most of them were able to give
better reasons for their recollection of the locality of the
mound than the witnesses for the plaintiff. And the fact as
stated in the McGray case, supra, that the surveyor who laid
out and platted the town site of White Rock for the plaintiff,
Tyler, in July, 1884, adopted the center of the highway as the
north line of the town site of White Rock, has a very material
bearing as to the location of that corner. In the trial of this

class of cases the first and important object of the court is to ascertain, if possible, the location of the mound as placed by the United States surveyor at the time of the survey of the line in controversy, and this court has uniformly held that, when such a corner as originally located and established by the government surveyors can be found and identified, or the place where it was originally established can be definitely determined, such location must control, without regard to whether it was located with mathematical correctness or not. Arneson v. Spawn. 2 S. D. 269, 49 N. W. 1066, 39 Am. St. Rep. 783; Randall v. Burke Tp., 4 S. D. 337, 57 N. W. 4; Hanson v. Tp. of Red Rock, 4 S. D. 359, 57 N. W. 11; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194. In the case at bar, therefore, if the court was satisfied from the evidence that the original monument as claimed by the defendant was at a point at the center of the highway, it was its duty to find the line as established by the monument so placed, notwithstanding such monument may not correspond fully with the calls in the field notes. Owing to the imperfection in the survey, caused by defective instruments or want of proper care on the part of the surveyor, the original monument might not have been placed at the exact point indicated by the field notes. In this case, however, the surveyors differed as to the method of ascertaining the point at which the original monument was placed by the field notes themselves, and hence the corner apparently established by such field notes could not control the corner as established upon the ground.

In view of the fact, therefore, that the learned circuit judge who tried this case heard all of the evidence, and had an opportunity to observe the demeanor of the witnesses, their

manner of testifying, and to judge of the credit to be given their evidence, found the facts in favor of the defendant upon what seems to us upon examination evidence that fully justified the findings, we are clearly of the opinion that the trial court erred in granting a new trial in the case.

The order of the circuit court granting the new trial is reversed.

FULLER, J., dissenting.