## UNZELMANN V. SHELTON.

1. In a jury case the Supreme Court will not review the evidence to determine its weight, but to ascertain whether there is sufficient legal evidence, assuming it to be uncontradicted, to support the verdict.

2. The decision of the trial court in granting or refusing a new trial will not be disturbed, unless there has been a manifest abuse of discretion.

3. In a case tried by the court the Supreme Court will review the evidence

to ascertain whether the findings are supported by the evidence, and, if there is a clear preponderance against the findings, the decision will be reversed and a new trial ordered.

4. On an issue as to the location of a government corner, evidence held sufficient to sustain a finding for defendant.

5. On an issue as to the location of a government corner, the object is to ascertain the true points where the original government mounds were placed at the time of the original survey, and, if such points be ascertained, the line must remain as established by the original mounds.

6. On an issue as to the location of a government corner, an instruction that, if there is a discrepancy between the field notes and the actual location of the corner as made on the ground, the location prevails, was correct.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Moody county; Hon. JOSEPH W JONES, Judge.

Action by John C. Unzelmann against Martha A. Shelton. From a judgment for defendant, plaintiff appeals. Affirmed.

*Williamson & Cole,* for appellant.

When the boundaries are fixed and known and unquestioned monuments exist, and neither courses, distances, nor computed contents correspond with the monuments, the monuments govern. Pernam v. Wead, 6 Mass. 131; Nelson v. Hall, 1 McLean 518; Yocum v. Haskins, 46 N. W. 1065.

*Joe Kirby,* for respondent.

Stakes and monuments placed by the government surveyors to indicate section corners and quarter-section posts control in all cases where they can be found or identified, whether properly placed or not. Dowdle v. Cornue, 9 S. D. 126; Radford v. Johnson, 77 N. W. 601.

CORSON, P. J. This is an action to recover the possession of about 15 acres of land, and for damages for its use and oc-

cupation.    The case was tried to a jury, and, the verdict and judgment being in favor of the defendant, the plaintiff has appealed.    The controversy in the case is as to the location of the original government corner, as established by the United States deputy surveyor by the original government survey, between the southwest and southeast corner of the two quarter sections.    The plaintiff claimed the southwest quarter, and the defendant the southeast quarter of the section.

It is contended by the appellant that the evidence was insufficient to justify the verdict of the jury, and that the court erred in its instruction to the jury.    It seems to be the theory of counsel for the appellant that this court will review the evidence and determine as to its weight.    This theory is clearly incorrect as applied to a case tried by a jury.    In such cases, where the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the successful party has given sufficient legal evidence to sustain the verdict, without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain his case.    Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.    In a case tried to a jury, therefore, this court will not review the evidence with the view of determining its weight, but to simply ascertain whether or not there is sufficient legal evidence to support the verdict of the jury, assuming it to be uncontradicted, as the jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses, subject to the exercise by the trial court of its second judicial discretion in granting a new trial, where in its opinion the weight of the evidence is so strongly in favor of the losing party that justice requires the granting of a new trial; and the

decision of the trial court in the exercise of its discretion in granting or refusing a new trial will not be disturbed, unless, in the opinion of this court, there has been a manifest abuse of such discretion. Cannon et al. v. Deming, 3 S. D. 421, 53 N. W. 863; Walker v. McCaull et al., 13 S. D. 512, 83 N. W. 578; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388; Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728. A different rule is followed by this court in cases tried by the court without a jury. In such cases this court will review the evidence for the purpose of ascertaining whether or not the findings of the trial court are supported by the evidence, and, in case there is a clear preponderance of the same against the findings of the trial court, its decision will be reversed and a new trial ordered. In Randall v. Burke Twp., 4 S. D. 338, 57 N. W. 4, the rule is thus stated: "On such review of the evidence, this court will presume that the decision of the trial court or referee upon the weight of such evidence is correct; and it is only when this court is satisfied that there is a clear preponderance of the evidence against such decision that such presumption will be overcome, and the decision of the trial court or referee reversed." Hill v. Whale Min. Co., 15 S. D. 574, 90 N. W. 853; Krueger v. Dodge, 15 S. D. 159, 87 N. W. 965. In the case at bar there was a sharp conflict in the evidence. It was claimed by the plaintiff, and there was evidence tending to prove, that the corner between the quarter section claimed by the plaintiff and the quarter section claimed by the defendant had been lost or destroyed, and that by a resurvey made by a competent surveyor, following the courses and distances given in the field notes of the original government survey, the line of plaintiff's land extended about 15 rods further to the east than the line as

claimed by defendant. On the other hand, the defendant claimed and introduced evidence tending to prove that the line as it existed at the time the action was commenced was the true line as evidenced by the government corner established by the original survey, and which was in existence and was well known for many years after the two quarter sections were settled upon. The evidence on the part of the defendant that such corners existed and were seen and observed by the witnesses for many years after the settlement of that section of the country was direct and positive, and that the government corner was at the point now claimed by the defendant. If the jury believed this evidence—and it is apparent from their verdict that they did—their verdict was fully justified by the evidence, as this court has repeatedly held that the first object of a court and jury in the trial of cases of this class is to ascertain, if possible, the true points where the original government mounds were placed at the time of the original survey, and that, if these points can be ascertained from the evidence, the line must remain as established by the original government mounds. The rule is thus stated in the case of Randall v. Burke Twp., supra: "The rule is well settled that on a resurvey of land originally belonging to the United States, and which it has caused to be surveyed under its authority, such resurvey must follow the boundaries and monuments as run and made by the original government survey, if the monuments placed by the government, in making the survey, to indicate the section corners and quarter section posts, can be found, or the places where they were originally placed can be identified." Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682. There being sufficient evidence to justify the verdict of the jury, it will not be

proper for us to examine the evidence with a view to determine its weight, and we do not therefore attempt its review in this opinion.

It is further contended that the court erred in giving to the jury the following instruction: "But it is the law that, if there is a discrepancy between the field notes and the actual location of the corner as made on the ground, the location prevails." This instruction of the court is clearly correct under the rule as laid down by this court in a number of cases. Randall v. Burke Twp., supra; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194; Tyler v. Haggart, supra; McGray v. Elevator Co., 16 S. D. 109, 91 N. W. 457.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.