## LAVIN v. KREGER.

An order for a new trial, granted by a judge who did not preside at the trial, does not carry with it the usual presumption under which such an order will not be reversed, except in case of an abuse of discretion.

Where a new trial is granted by a judge who did not preside at the trial, the question on appeal is whether the court erred.

Where a judge who did not preside at the trial granted a new trial in a case in which practically the only witnesses were the parties, and their testimony was conflicting, the Supreme Court on appeal will not disturb the order.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Deuel County. Hon. Geo. H. Marquis, Judge.

Action by William T. Lavin against William Kreger. From an order granting a new trial after a verdict for plaintiff, he appeals. Affirmed.

*T. J. Law, H. J. Honeywell, and X. Seward,* for appellant. *C. A. Mead,* for respondent.

CORSON. J. This is an appeal by the plaintiff from an order granting a new trial. This action was instituted by the plaintiff to recover from the defendant the sum of $153.65 and interest, being one-half of the loss incurred in the purchase, shipment and sale of a certain flock of sheep, purchased, as claimed by the plaintiff, in pursuance of an agreement made between himself and the defendant whereby the profits or losses of said transaction were to be shared equally between them. The defendant in his answer admitted the purchase, shipment and sale of these sheep by the plaintiff, and admitted that the loss incurred amounted to $307.31, but denied that the transaction was a partnership transaction, and denied that he was a party to the same. The defendant also alleged in his answer that the sheep were, at the time of the purchase and shipment, affected with scab, and that he and the plaintiff both knew them to be so affected, and by reason thereof the shipment of said sheep was unlawful, and that, if he had in fact become a party to such a contract, it was void as against public policy. The action was tried to a jury in 1903, and a verdict returned in favor of the plaintiff, and on motion of the defendant a new trial was granted. The second trial again resulted in a verdict for the paintiff, but, before the mo-

tion for a new trial was again heard or the bill of exceptions set-
tled,.Hon. Julian Bennett, before whom the case was tried, died,
and the bill of exceptions was by order of this court settled by Hon.
Charles Whiting, judge of the Ninth judicial circuit, and the order
granting a new trial was made by him.   Subsequently a motion
was made to vacate and set aside the order made by Judge Whiting
(the same being a chambers order) before Hon. George H. Marquis,
who succeeded Judge Julian Bennett as circuit judge of the Third
circuit, and was denied, and a new trial granted.   It is from this
latter order that this appeal is taken.

   As will be observed, neither Judge Whiting nor Judge Marquis
presided at the trial of the case, and hence the presumption ordi-
narily applicable to trial courts exercising their discretion in grant-
ing or refusing a new trial has no application to this case.   The prin-
ciple to be applied in such a case is laid down·by this court in
Sands v. Cruikshank, 15 S. D. 146, 87 N. W. 589, and approved in
Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682. In the latter case this
court says: "The order for a new trial, having been made by Judge
McCoy, who took no part in the trial of the case, does not carry
with it the presumption usually connected with such an order, name-
ly, that the ruling of the trial court in granting or denying the mo-
tion would only be' reversed in case of an abuse of the court's dis-
cretion; and the principle to be applied to such a case is thus stated
by this court in Sands v. Cruikshank, 15 S. D. 146, 87 N. W. 590,
as follows: 'The reason of the rule is that one who has observed the
appearance and demeanor of witnesses is in a better position to in-
telligently weigh the oral evidence than one who merely reads the
abstract of it as preserved in a bill of exceptions. * * * In this case
the judge who granted defendant's application did not preside at
the trial, to whom the record was as cold and lifeless as it is to us.
* * * He cannot be presumed to have reviewed the record from any
better position than that occupied by the judges of this court.   His
decision should be given no greater force or effect than the opinion
of an appellate judge.' "

The only question to be considered in such a case is did the circuit court err in granting or refusing the new trial? Upon a careful examination of the evidence in this case we are unable to say that the circuit court erred in granting defendant's motion. Practically the only witnesses in the case were the plaintiff and the defendant, and their testimony was conflicting. In view of the fact that a new trial was granted, we do not deem it proper to set out or review the evidence given at the former trial, and it must suffice to say that the plaintiff sought to establish the fact by his evidence that the defendant entered into a partnership with him in the purchase of the flock of sheep which the plaintiff took to Chicago and sold at a loss, of which loss he claimed the defendant should pay one-half. The defendant denies this partnership, and denies that he was interested in the purchase and sale of the sheep, and denies liability for any portion of the loss. Judge Whiting seems, upon a review of this evidence, to have made the chambers order granting the new trial. Judge Marquis, the successor of Judge Julian Bennett, confirmed this chambers order and granted the new trial as an order of the court *pro forma*, as he had been of counsel in the case and was therefore disqualified to sit therein, except upon the stipulation of counsel waiving all objections to his passing upon the case by reason of his disqualifications.

We therefore express no opinion upon the merits of the case, further than to say that we discover no error in the order made by the circuit court, and the order of that court is affirmed.