BECK, Appellant, v. SPIEGLER et al., Respondents.

(159 N. W. 134.)

(File No. 3919.   Opinion filed September 9, 1916.)

1. **Mortgages—Payment—Land Grantee Assuming Mortgage—Payment Through Mortgagor's Office—Findings—Insufficiency of Evidence.**

   In a suit to quiet title to land which plaintiff had purchased from a mortgagor, he having assumed the mortgage, held, that, in view of the absence of evidence tending to show that the mortgagor, through whom certain payments upon the mortgage note were made, was ostensible or actual agent of the owner of the note and mortgage, or that an estoppel existed against the latter, the findings of the trial court that the note had not been paid are sustained by the evidence.

2. **Mortgages—Payment to Mortgagor, by Subsequent Land Grantee —Presumption of Authority to Collect Payment.**

   The mortgagor of land, which mortgage secured payment of a principal and interest notes made payable at the office of the mortgagor, cannot be presumed to be a person who might have possession of the interest coupons, or who was authorized to collect the same.

3. **Negotiable Instruments—Payment to One Other Than Owner— Burden of Proof by Maker—Rule.**

   Where the maker or subsequent obliger of a negotiable note makes payment to a person other than the then owner or holder, he has the burden of showing, that such person was the ostensible or the actual agent, of such owner or holder, or facts creating an estoppel in pais as against such owner or holder.

Appeal from Circuit Court, Sully County.   Hon. JOHN F. HUGHES, Judge.

Action to quiet title by Chas. F. Beck, against William Wollert and another, in which William Spiegler intervened, claiming, as assignee of notes and mortgage, a lien upon the land superior to plaintiff's interest.   From a judgment in favor of intervener, and from an order denying a new trial, plaintiff appeals.   Judgment and order affirmed.

*H. G. Fuller*, for Appellant.

*Sutherland & Payne*, for Respondent.

(2) To point two of the opinion, Appellant cited: Campbell v. Gowans, (Utah) 23 L. R. A. (N. S.) 414.

McCOY, J. [1, 2] This is an appeal from a judgment in favor of defendant in an action to quiet title to a tract of land in Sully county, claimed by plaintiff as owner, upon which defendant claims to hold an unpaid mortgage; the sole issue to be determined on this appeal being the matter of the payment of said mortgage. It appears from the record that on the 9th day of July, 1908, one Brink, then being the owner of said land, as mortgagor, executed and delivered to one Wollert, as mortgagee, a certain negotiable promissory note for $2,000, due on the 13th day of June, 1913, drawing interest before and after maturity at the rate of 6 per cent. per annum, secured by a real estate mortgage, of same date, upon said land. Said mortgage, after describing the note, contained the recital, "principal and interest payable at office of A. C. Brink Land Co., Pierre, S. D." The mortgagor, Brink, resided at Pierre, S. D., and was transacting a real estate business under the assumed name of A. C. Brink Land Company. The mortgagee, Wollert, resided in the state of Illinois. The interest on said note was payable semiannually and was represented by coupons of $60 each. In October, 1909, Brink sold and conveyed said land to plaintiff by warranty deed; plaintiff by the terms of said deed assuming and agreeing to pay said Wollert mortgage indebtedness. After plaintiff became the owner of said land, and not knowing the address of Wollert, he paid all the said interest coupons and the principal note as they matured to Brink. All these payments, excepting the principal note and last two interest coupons, found their way to Wollert through the office of one Rippberger, who transacted a real estate and investment business in Illinois, and who had negotiated on behalf of Wollert the making of said mortgage; Rippberger having guaranteed the payment of said indebtedness to Wollert. On the 9th day of June, 1913, Wollert sold, assigned, and transferred in due course of business the said note and coupon and mortgage to defendant. The principal note and last coupon were paid by plaintiff to Brink on the 12th day of June, 1913, by mailing a draft to Brink. Brink acknowledged the receipt of the draft by return mail and stated in his letter that he would procure the principal note and coupon from the East and forward them to

plaintiff as soon as received. The interest coupons were usually paid by draft sent ⸻ ⸺rink by mail, and in acknowledging receipt of the draft Brink usually replied that he would send plaintiff the paid coupon as soon as he received the same from the East. This circumstance clearly shows that plaintiff had knowledge that Brink at no time had possession of any of said coupons at the time of or prior to the making of any of such payments. Brink, being the original maker of these notes, could not be presumed to be a person that might have possession thereof.

[3] We are of the view that the findings of the trial court are sustained by the evidence. The plaintiff failed to make out a prima facie case for the relief demanded. Where the maker or subsequent obligor of a negotiable note makes payment to a person other than the then owner or holder of such note, he has the burden of showing: (1) Facts from which it will appear that the person to whom such payment was made was the ostensible agent of the then owner of the note; or (2) facts from which it will appear that the person to which such payment was made was the actual agent of such owner; or (3) facts which will create an estoppel in pais as against such owner of said note. Hollinshead v. John Stuart Co., 8 N. D. 35, 77 N. W. 89, 42 L. R. A. 659; Campbell v. Gowans, 35 Utah, 268, 100 Pac. 397, 23 L. R. A. (N .S.) 414, 19 Ann. Cas. 660. There is no evidence in this case tending in any manner to show ostensible or actual agency or estoppel. Brink was the maker and original payor of these notes and coupons, and never was a person who, from the nature of the transaction, would be presumed to be authorized to collect the same. There is no evidence that the mortgagee, Wollert, ever knew that Brink had sold the land covered by the mortgage to plaintiff, or any other person, or that said mortgagee had any reason to presume that the payments made to him were made by any one other than Brink as the maker of the secured notes.

The order and judgment appealed from are affirmed.