FARMERS' LIVE STOCK LOAN COMPANY, Respondent, v. ANDERSON, Appellant.

(171 N. W. 892).

(File No. 4491.    Opinion filed April 18, 1919.    Rehearing denied June 3, 1919.)

**Agency—Payee Indorsor, As Agent to Collect for Indorsee, Looking After "Cattle Paper"—Inferences From Facts and Circumstances.**

In a suit by indorsee of a negotiable note against the maker, the defense being payment made to payee as indorsee's agent, **held,** that evidence disclosing by fair inferences from correspondence between plaintiff and the payee that the latter was authorized, as plaintiff's agent, to look after paper plaintiff had purchased of payee, and to make collections of same, sufficiently establishes the agency; such inferences being sustained by evidence that, by plaintiff's direction, payee looked after collection and renewal of paper as plaintiff would have done had it been located where maker lived; and further disclosing that payee was restricted, under his instructions, exactly as a third party would have been if acting as its agent. **Held, further,**

that in the absence of direct evidence, proof of agency often rests solely upon such inferences.

Smith, P. J., dissenting.

Appeal from Circuit Court, Lyman County. Hon. William Williamson, Judge.

Action by The Farmers' Live Stock Loan Company, a corporation, against L. B. Anderson, to recover judgment upon, and to foreclose, a mortgage securing a negotiable note, plaintiff being indorsee. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Bartine & Bartine,* for Appellant.

*Brown & Brown,* for Respondent.

Appellant cited:

Reid et al v. Kellogg, 8 S. D. 596.

WHITING, J.   Suit to recover judgment on, and to foreclose a mortgage securing, a negotiable note given by defendant to one Peter Dirks and by Dirks indorsed to plaintiff. Trial was to court without a jury. Findings and conclusions were entered upon which the court rendered a judgment in favor of plaintiff. From such judgment and an order denying a new trial, this appeal was taken.

Dirks' home was at Oacoma in this state. Respondent was located at Sioux City, Iowa. When the note in question fell due, appellant paid same to Dirks. Dirks died a few days thereafter and without having remitted to respondent. The sole question in this case is: Was Dirks, when receiving the money in payment of such note, the agent of respondent and authorized as such to collect such note? The evidence presents nothing upon which to base a claim of ostensible agency.

The trial court undoubtedly was of the opinion, as are the minority of this court, that the facts of this case are such as to bring it under the control of the decision in Astoria Bk. v. Markwood, 38 S. D. 437, 161 N. W. 815.

It is the contention of appellant that the evidence discloses that Dirks was the agent of respondent and as such negotiated loans for respondent, taking the paper in his (Dirks') name and indorsing same to respondent. There is evidence tending to support this contention. Respondent contends that it was in the business, among other things, of purchasing "cattle paper" (notes se-

cured by mortgages·on cattle) ; that Dirks was not its agent authorized as such to negotiate loans for it on "cattle paper"; but that it had purchased such paper from Dirks and a bank of which Dirks was an officer, just as it purchased like paper from other parties. Without deciding, we assume, for the purposes of this appeal, that respondent's contention is correct.

We are, however, of the opinion that the evidence does disclose, by the fair inferences to be drawn from correspondence between respondent and Dirks, that Dirks was authorized, as the agent of respondent, to look after paper which respondent had purchased of Dirks and to make collections of same. Proof of agency, in the absence of direct evidence, often rests solely upon inferences to be drawn from facts and circumstances established. No useful purpose would be subserved in setting forth the contents of the numerous letters introduced in evidence. This evidence shows that, by direction of respondent, Dirks looked after the collection and renewal of paper just as respondent would naturally have done if it had been located at Oacoma. By direction of respondent, Dirks was restricted in his actions exactly as a third party, a stranger to the notes, would have been, if acting as its agent. The correspondence was not such as would be expected to pass between an indorser and indorsee simply because of the indorser's liability. In fact, if one did not know from other sources that Dirks was an indorser on the numerous notes referred to in the correspondence, he would conclude from a reading of many of such letters that Dirks' only relation to these notes and the handling of same was as the agent of respondent.

The judgment and order appealed from are reversed.

SMITH, P. J. (dissenting). It is undisputed in this case that plaintiff was in good faith an indorsee for value, before maturity, of the note and mortgage in suit. The note and mortgage were given to one Peter B. Dirks, a banker at Oacoma, who indorsed and in due course delivered the same to plaintiff. Plaintiff, for several years, had been buying and discounting cattle paper or loans made by Dirks, and Dirks was interested in looking after collections and renewals of loans upon which he had become guarantor or indorser. The note in suit was dated April 3, 1916, and was due on November 1, 1916. On September 23, 1916, about

five weeks before maturity of the note, the defendant with knowledge that the note was not in the possession of Dirks, and that it was owned by a bank in Sioux City, Iowa, and without plaintiff's knowledge or solicitation, paid to Dirks the amount due on the note. Dirks died insolvent shortly thereafter, without remitting the money to plaintiff. Defendant pleads payment of the note.

Appellant's principal assignment of error is insufficiency of the evidence to sustain the finding of the trial court:

"That at the time of the said payment said Peter B. Dirks did not have possession of said note or mortgage, or either of them, and had no authority, either actual or ostensible, to collect payment or receive payment of said note or mortgage, and was not the agent of the owner or holder thereof for the purpose of collecting or receiving payment thereof."

The evidence is quite voluminous, and it would serve no useful purpose to summarize it here. It discloses, in brief, that plaintiff at various times, for several years, had purchased cattle paper from Dirks, and, in certain cases, had requested Dirks to look after renewals of notes he had sold and indorsed to plaintiff, and to insist on payment of such loans when due. But in not a single instance is it shown that any paper was ever placed in the hands of Dirks for collection, either before or after maturity, though in certain instances notes were sent to Dirks after payment, for delivery to the makers.

I have examined the entire evidence with much care and am satisfied that it is sufficient to sustain the finding of the trial court, and that the finding is fully sustained by, and is not against, the clear preponderance of the evidence.

The majority opinion concedes that the record does not disclose any ostensible agency on the part of Dirks, and I think it equally clear that the trial court was right in finding that no actual agency existed. It follows that Astoria State Bank v. Markwood, 37 S. D. 56, 156 N. W. 583, and Beck v. Spiegler, 37 S. D. 618, 159 N. W. 134, should be held decisive of this case.

In the latter case, Justice McCoy correctly states the rule of law in this class of cases:

"Where the maker or subsequent obligor of a negotiable note makes payment to a person other than the then owner or holder

of such note, he has the burden of showing: (1) Facts from which it will appear that the person to whom such payment was made was the ostensible agent of the then owner of the note; or (2) facts from which it will appear that the person to whom such payment was made was the actual agent of such owner; or (3) facts which will create an estoppel in pais as against such owner of said note."

The testimony of R. H. Edens, one of the officers of plaintiff bank, is fully corroborated by that of the other officers of the bank, and by the contents of the entire correspondence relating to various notes and mortgages taken by Dirks from his customers and sold and indorsed by him. Mr. Edens testified:

"We permitted Peter B. Dirks to make no promises to anybody for us. If he had any paper to sell us, he was to send it in and submit it to us, and if we wanted it and the paper was made out right, the security right, and it was in proper form, we accepted it."

I can see no reason for departing in this case from the rule, long settled in this court, that a finding of the trial court upon a question of fact, largely upon oral testimony of witnesses, will not be disturbed upon appeal unless against the clear preponderance of the evidence.

With this decision standing as a precedent, financial institutions in the larger business centers must find so-called "cattle paper," bought from local banks, a hazardous investment.

GATES, J., concurs in this dissent.